UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | Criminal No. Cr-05-404 (RMC) |
| *v.* | : | Next Date: 7/6/06 |
| | : | |
| JORGE AGUILAR | : | |

### DEFENDANT AGUILAR'S MOTION TO SUPPRESS STATEMENTS AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Defendant Jorge Aguilar ("Aguilar"), through undersigned counsel, respectfully moves the Court for an Order suppressing his post-arrest statements to government agents on the grounds that any waiver was not knowing and voluntary. Thus, his interrogation violated Miranda v. Arizona, 384 U.S. 436 (1966). In support of this motion, Mr. Aguilar states as follows:

### FACTS

Sometime during the summer 2005, government agents began an investigation of Guatemalan government officials' alleged involvement in narcotics trafficking. The government engaged the services of a paid informant to set up a bogus drug deal with these officials. At some point during the investigation, the government obtained information that Mr. Aguilar was somehow involved in the bogus drug deal. In November 2005, a federal grand jury indicted the defendants in this case and the court issued arrest warrants. The government meanwhile arranged for the defendants to fly to the United States ostensibly to attend port security training.

Mr. Aguilar arrived in the United States on November 14, 2006. The government arrested Mr. Aguilar at 2:00 pm on November 15, 2005. By 2:11 pm the same date, a

government agent had secured from Mr. Aguilar a "waiver" of his Miranda rights and conducted a subsequent interrogated. (Attached as exhibit 1). Although the waiver allegedly signed by Mr. Aguilar was in his native Spanish language, he does not speak English, is not familiar with the American justice system and did not adequately comprehend the nature of the rights he was waiving. During this interrogation, Mr. Aguilar made statements that could be considered incriminating.[1]

## ARGUMENT

### I. MR. AGUILAR'S STATEMENTS WERE OBTAINED IN VIOLATION OF MIRANDA AND WERE NOT KNOWINGLY AND VOLUNTARILY MADE.

Before law enforcement officers may question an individual who is in custody, they must warn the individual of his or her Constitutional rights. See Miranda v. Arizona, 384 U.S. 436, 478-79 (1966). Once a defendant challenges the admissibility of any statements made while in custody, the government must prove that the defendant was advised of and understood the Miranda rights and that he or she validly waived those rights. If the government cannot establish both the warning and the waiver by a preponderance of the evidence, the statements must be suppressed. See Colorado v. Connelly, 479 U.S. 157, 168-69 (1986).

A valid waiver of Miranda rights must be knowing, voluntary, and intelligent. See Miranda, 384 U.S. at 444. The inquiry into the validity of a waiver of Miranda rights "has two distinct dimensions." Colorado v. Spring, 479 U.S. 564, 572 (1987) (quoting Moran v. Burbine, 475 U.S. 412, 421 (1986)). The waiver must be "the product of a free and deliberate choice

---

[1] The relevant statements attributed to Mr. Aguilar in a disclosed DEA form 6 (report of investigation) are: (b) "AGUILLAR [sic] advised that the drug traffickers in Guatemala were very powerful, and that investigating them was a delicate matter. He further stated that he has made mistakes (while getting close to traffickers); and (c) . . . After viewing a copy of the video of the exchange of money, AGUILLAR [sic] stated that he did not see himself accepting any money. He later stated that the money that was received (in the video) was not in evidence . . . . (DEA Form 6 attached as exhibit 2).

rather than intimidation, coercion, or deception," and "must have been made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." Spring, 479 U.S. at 572 (quoting Fare v. Michael C., 442 U.S. 707, 725, (1979)).

The Court must "consider the totality of circumstances surrounding [defendant's] statement and determine if that statement was the result of a knowing, voluntary, and intelligent waiver of the protections implicit in the Miranda warnings." United States v. Tyler, 164 F.3d 150, 158 (3d Cir. 1998). Such circumstances vary according to the facts of the particular case, including the background, experience, and conduct of the suspect, see Oregon v. Bradshaw, 462 U.S. 1039, 1046 (1983), as well as any indicia of coercion.

### a.     the waiver was not knowing

Mr. Aguilar was arrested at 2:00 pm, November 15, 2005. At that time he was handcuffed, searched and escorted from the hotel where he was staying. All the while, the arresting agents talked to him and made him view videos taken in Guatemala of meeting between a government informant and the defendants. Needless to say, the experience was discombobulating for Mr. Aguilar. While all this was transpiring, a government agent read to Mr. Aguilar a Spanish language document and asked him to sign it. Mr. Aguilar, saw the document, understood that he had to sign and did so.

Although Mr. Aguilar is a law enforcement officer in his native country, he is a foreign national unfamiliar with the American criminal justice system. In fact, he comes from a country where the police routinely extract confessions from suspects and where American-style rights are not the norm. Merely because he was viewed the form, and signed it, did not mean that Mr. Aguilar had "a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." It is clear that in a mere eleven minutes, Mr.

Aguilar could not have grasped the importance of the rights of which he was being advised, and then also formulated a desire to waive such rights.

      **b.**    **the waiver was not voluntary**

The Court must determine the voluntariness of a confession by looking at the totality of the circumstances to decide whether it was coerced or the product of a rational intellect and a free will. See Withrow v. Williams, 507 U.S. 680, 693 (1993). As described in part a, above, the facts indicate that Mr. Aguilar was advised of his rights, understood those rights and decided to waive those rights in a mere eleven minutes. Because this decision had to have been made immediately after being arrested, searched, handcuffed and escorted to an interrogation room, and without sufficient time to reflect upon the waiver, the facts indicate that the waiver was not voluntarily made.

## CONCLUSION

For the foregoing reasons, and any others which may appear to the Court following an evidentiary hearing, Mr. Aguilar respectfully requests that any custodial statements made by him be suppressed and that this Motion be **GRANTED**.

Dated: Washington, DC
       June 7, 2006                      Respectfully submitted,

                                    **LAW OFFICE OF A. EDUARDO BALAREZO**

                                    By: _____
                                        A. Eduardo Balarezo (Bar # 462659)
                                        400 Fifth Street, NW
                                        Suite 300
                                        Washington, DC  20001
                                        (202) 639-0999
                                        *Attorney for Defendant Jorge Aguilar*

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of June 2006, I caused a true and correct copy of the foregoing Defendant's Motion to Suppress Statements and Incorporated Memorandum of Points and Authorities in Support Thereof to be delivered the parties in this case via Electronic Case Filing

_____
A. Eduardo Balarezo