UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES : | |
| : | Criminal No. Cr-05-404 (RMC) |
| v. : | Next Date:  7/6/06 |
| : | |
| JORGE AGUILAR : | |

**DEFENDANT AGUILAR'S MOTION TO DISCLOSE IDENTITIES
OF EACH CONFIDENTIAL INFORMANT REGARDLESS OF WHETHER
THEY WILL BE  CALLED AT TRIAL AND MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF**

Defendant Jorge Aguilar ("Aguilar"), by and through undersigned counsel, respectfully moves for an Order directing the government to disclose the identities of each confidential informant regardless of whether they will testify at trial.  In support of this motion, Mr. Aguilar states as follows:

1. A review of the materials generated to date concerning the investigation which culminated in this indictment reveals that an important source of information used by law enforcement in gathering information was derived from at least one confidential informant.

2. Witnesses who have provided information to law enforcement did so after they were either charged or told that they would be indicted unless they agreed to cooperate.  Counsel further understands that at least one informant has been paid a large amount of money for information.  This amount is believed to be in excess of $100,000.

3. Counsel seeks to interview each person who gave information to law enforcement who falls within the category of confidential informant regardless of whether they will be called to testify at trial.

4. The confidential informants used by law enforcement may be biased against defendant.

   5. The identities of the informants are necessary to the defense in order to investigate bias, motives to fabricate and to cast doubt upon the credibility of certain witnesses.

   6. Mr. Aguilar seeks useful and relevant information that cannot be learned without a disclosure by the United States. There is no reason related to security to withhold this essential information. Mr. Aguilar's due process rights mandate pretrial disclosure of the identities of each confidential informant who has provided information to law enforcement.

   7. All the events that the government alleges constitute criminal acts by Mr. Aguilar took place in Guatemala. If the government discloses this information for the first time at trial, Mr. Aguilar will be deprived of the ability to mount an adequate defense because he will not be able to investigate persons or events related to those persons that took place in Guatemala.

## ARGUMENT

In Roviaro v. United States, 353 U.S. 53 (1957), the Supreme Court addressed the balancing that was necessary when a trial court was called upon to weigh a defendant's right to fundamental fairness as guaranteed by the United States Constitution against the government's interest in withholding from disclosure the identity of an informant. (Protecting the identity of the informant from disclosure has become known as the "informer's privilege").

> What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of the law. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes obligation.

Id. at 60-61 (citations omitted)

I. **Actual Crime Participants.**

These individuals, regardless of the corporate reward, must be disclosed in the interests of fundamental fairness and due process. In McLawhorn v. State of North Carolina, 484 F.2d. 1 (4th Cir. 1997) the Court drew a distinction between actual crime participants and tipsters in assessing whether it was necessary for the government to reveal their identities. If it is determined that the informant was an "actual participant," that is where he helps to set up the criminal occurrence," then disclosure of the identity of the informant is required. 484 F.2d. at 5.

In Roviaro, the Supreme Court recognized the problem a defendant faces when the government chooses not to call a confidential information at trial.

> Petitioner's opportunity to cross-examine Police Officer Bryson and Federal Narcotics Agent Curham was hardly a substitute for an opportunity to examine the man who had been nearest to him and took part in the transaction. Doe had helped to set up the criminal occurrence and had played a prominent part in it. His testimony might have disclosed entrapment.
>
> The desirability of calling John Doe as a witness, or at least interviewing him in preparation for trial, was a matter for the Defendant rather than the government to decide.

Roviaro, 353 U.S. at 64 (emphasis added). Thus, the Supreme Court recognized the importance of disclosing the name and whereabouts of an informant so that the defendant would have the opportunity of at least interviewing the informant in order to adequately prepare for trial. It is axiomatic that the witnesses do not belong to either the prosecution or the defense and should be available to either side.

Without disclosure of the informant's identity and the ability to interview the informant or call the informant as a witness, the defendant might well be forced to testify in order to try to establish that he was misidentified or had a lack of knowledge or intent. Where

3

the informant is a participant and material witness to the crime charged, as is applicable herein with respect to certain government witnesses, forcing the defendant to testify or depriving him of the right to interview or call such a witness constitutes a denial of fundamental fairness, and violates both his Fifth Amendment right to remain silent and his Sixth Amendment rights to confrontation as well as to effective assistance of counsel.

The Circuit Court of Appeals in this jurisdiction has recognized that the "Informer's Privilege" must give way when the identity of the informant is of use to a defendant.

> Whether Roviaro was a product of the Due Process Clause, as the Supreme Court said in United States v. Raddatt, 447 U.S. 667, 679, 100 S. Ct. 2406, 2414, 6 L.Ed.2d 424 (1980), or merely of federal common law, as the Court wrote in United States v. Valenzuela-Bernal, 458 U.S. 85 870, 102 S. Ct. 3440, 3448, 73 L.Ed.2d 119 (1982), in a criminal trial the informer privilege must give way when the information sought is "relevant and helpful to the defense of the accused." Roviaro, 353 U.S. at 60-61, 77 S. Ct. At 628. The informant in Roviaro, whose identity the Court ordered divulged, was the "sole participant, other than the accused, in the transaction charged" and consequently "the only witness in a position to amplify or contradict the testimony of the government witnesses, 353 U.S. at 64, 77 S. Ct. At 629

United States v. Foster, 986 F.2d. 541, 545 (1993).

The identities of the confidential informants who were engaged in criminal activity are relevant and useful to the defense as their participation needs to be fully investigated by the defense. They may have been the sole perpetrators of some or all of the offenses charged herein. As such, defendant has a constitutional right to conduct a pretrial investigation of the activities of the informants to ascertain their criminality and to explore any bias or motive to fabricate they may have.

## II.     Informants Not Participating in Crimes Alleged in Indictment.

The basis for seeking disclosure of the identities of confidential informants who were not participants in the crimes alleged in the indictment arises from Brady v. Maryland. Specifically, defendant asserts that most, if not all, of the witnesses who fall within this category have provided information to law enforcement in an effort to obtain a benefit. It is a well-known fact that cooperating witnesses receive compensation for their assistance in investigation and in some instances receive compensation for their testimony. In United States v. Bagley, 93 U.S. 667, the Supreme Court analyzed expectations of witnesses for payments in return for testimony in the context of Brady v. Maryland. Recognizing that constitutional error occurs when the defense is deprived of information which would be useful in cross-examination to suggest bias or interest on the part of a witness, the Court mandated that an assessment be made regarding the significance of the inducement.

> [W]e reserve the judgment of the Court of Appeals and remand the case to that Court for a determination whether there is a reasonable probability that, had the inducement offered by the government…
>
> been disclosed to the defense, the result of the trial would have been different.

473 U.S. at 684

In so ruling, the Bagley majority made clear that offers of inducement do fall within the potentially exculpatory umbrella of Brady v. Maryland.

## CONCLUSION

The particular facts of this indictment make it essential for the defense to obtain pretrial access to the government's confidential informants. Because there is no physical evidence linking defendant to the conspiracy, the United States has had to rely upon individuals

actively engaged in criminal activity and individuals seeking compensation as the means of structuring the indictment herein. Both categories of witnesses described in the preceding paragraph are inherently and immensely biased. Both categories of witnesses described in the preceding paragraphs will have substantial problems with their credibility at trial. The bias and lack of credibility of the witnesses must be fully explored at trial. In order to do so, counsel must have their identities disclosed sufficiently in advance of trial in order to conduct appropriate investigations.

        This critical information is relevant, useful and potentially exculpatory thereby requiring its pretrial disclosure.

Dated: Washington, DC
      June 7, 2006                    Respectfully submitted,

                                       **LAW OFFICE OF A. EDUARDO BALAREZO**

                            By: _____
                                A. Eduardo Balarezo, Esq. (Bar # 462659)
                                400 Fifth Street, NW
                                Suite 300
                                Washington, DC  20001

                                *Counsel for Defendant Jorge Aguilar*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 7th day of June 2006, I caused a true and correct copy of the foregoing Defendant Aguilar's Motion to Disclose Identities of Each Confidential Informant Regardless of Whether They Will Testify and Incorporated Memorandum of Points and Authorities in Support Thereof to be delivered to the parties in this case via Electronic Case Filing.

                                                                                                                                             _____

                                                                                                                                       A. Eduardo Balarezo