**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES : | |
| : | Criminal No. Cr-05-404 (RMC) |
| *v*. : | Next Date: 7/6/06 |
| : | |
| JORGE AGUILAR : | |

**DEFENDANT AGUILAR'S MOTION TO DISMISS**
**INDICTMENT FOR FAILURE TO STATE THE ESSENTIAL FACTS**
**CONSTITUTING OFFENSES CHARGED AND MEMORANDUM OF POINTS**
**AND AUTHORITIES IN SUPPORT THEREOF**

Defendant Jorge Aguilar ("Aguilar"), by and through undersigned counsel, respectfully moves the Honorable Court to dismiss the indictment in the above-captioned case. As grounds for this motion, defendant submits the following:

1. The indictment must be dismissed for failure to state essential facts of the offenses with which Mr. Aguilar is charged. Trial on this indictment would violate Mr. Aguilar's Sixth Amendment right to be informed of the nature and cause of the charges against him.

2. The government has charged Mr. Aguilar in a two count indictment alleging Conspiracy to Import Five Kilograms or More of Cocaine into the United States and Conspiracy to Distribute Five Kilograms or More of Cocaine Knowing that the Cocaine Would be Imported into the United States. Apart from broad allegations and cursory description of acts attributed to Mr. Aguilar in the government's discovery, no information was provided regarding the facts considered by the grand jury in concluding that Mr. Aguilar committed any of the offenses. Based on the indictment before this Court, Mr. Aguilar will not be able to adequately prepare to defend himself against the accusations and the government might be able to impermissibly conform its theory of criminality to the evidence that develops at trial. The

dangers render the indictment invalid and must therefore be dismissed.

## ARGUMENT

An indictment must be plain, concise and definitive on the essential facts, or a defendant must move to dismiss the defective indictment before trial.  See Fed. R. Crim. P. 7(c) and 12(b)(3).  In Russell v United States, 369 U.S. 749 (1962), the Supreme Court reversed convictions due to an indictment that failed to satisfy the requirements of Rule 7(c).  The Russell Court discussed three distinct constitutional deprivations, the first being whether the indictment stated the essential facts so a defendant may plead a former acquittal or conviction. Id. at 764 (citations omitted).  Unlike Russell, where times and places were noted, the indictment against Mr. Aguilar fails to set out his conduct that allegedly forms the basis of the charges.

The second constitutional deprivation discussed by the Russell Court was that an indictment must apprise a defendant of what he must be prepared to defend. Id. at 763. Beyond the language of the statute, the indictment must state facts and circumstances describing the offense.  Mr. Aguilar appears to be charged under a vague theory of conspiracy and aiding and abetting. The language is insufficient.

The third and final constitutional deprivation discussed by the Russell Court was that a defendant may not be convicted on facts not considered by the grand jury. In Mr. Aguilar's case, there is no way to know what facts the grand jury found to support the indictment.  While the government has supplied discovery, the indictment in this case cannot be cured by such a remedy. Id.

**WHEREFORE**, for the reasons stated above, and for all other reasons that might become apparent to the Court, Mr. Aguilar respectfully moves this Court to dismiss the indictment.

Dated: Washington, DC
      June 7, 2006                    Respectfully submitted,

                                        **LAW OFFICE OF A. EDUARDO BALAREZO**

                                        _____
                                        A. Eduardo Balarezo (Bar No. 462659)
                                        400 Fifth Street, N.W.
                                        Suite 300
                                        Washington, D.C. 20001
                                        (202) 639-0999 (tel)
                                        (202) 783-5407 (fax)

                                        *Attorney for Jorge Aguilar*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 7th day of June, I caused a true and correct copy of the foregoing Defendant Aguilar's Motion to Dismiss Indictment for Failure to State the Essential Facts Constituting Offenses Charged and Incorporated Memorandum of Points and authorities in Support Thereof to be delivered to the parties in this case via Electronic Case filing.

                     _____
                     A. Eduardo Balarezo