UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** : | |
| : | Criminal No. Cr-05-404 (RMC) |
| *v.* : | Next Date:  7/6/06 |
| : | |
| **JORGE AGUILAR** : | |

**MOTION FOR F.R.E. 404(B) NOTICE AND MEMORANDUM IN SUPPORT**

Defendant Jorge Aguilar ("Aguilar"), by and through undersigned counsel, respectfully moves this Honorable Court to direct the government (1) to give pre-trial notice, under Rule 404(b) of the Federal Rules of Evidence, of its intention to introduce evidence alleging Mr. Aguilar's commission of other crimes, wrongs, acts and misconduct, and (2) to provide Mr. Aguilar, within a reasonable time, a list of all such evidence, including names of witnesses, dates, summaries of expected testimony, and any related documentary evidence.

Pretrial notice of 404(b) material is required so that a Defendant is not subjected to a "trial by ambush." See United States v. Kelly, 420 F.2d 26, 29 (2nd Cir. 1969). To prevent the introduction of such evidence, and to head off time-consuming and potentially prejudicial contests before the jury over the admissibility of such evidence, Mr. Aguilar seeks pre-trial disclosure of the Government's intention to rely upon such troublesome evidence.  The right of the accused to be advised of such evidence prior to trial arises from basic rights under the Fifth and Sixth Amendments. These include the right to notice of the nature and cause of the accusation, the right to prepare a defense, the right to confrontation of witnesses, the right to effective assistance of counsel, and the right to due process of law.  These guarantees will be hopelessly frustrated if Mr. Aguilar does not receive notice of such evidence until it is offered against him at trial. See United States v. Baum, 482 F.2d 1325 (2nd Cir. 1973).

In Baum, a conviction for possession of stolen goods was reversed where such a motion had been denied. The court stated:

> Confronted for the first time with the accusation of prior criminal conduct and the identity of the accuser, the defendant had little or no opportunity to meet the impact of this attack in the midst of trial. This precarious predicament was precipitated by the prosecutor.

Id. at 1331. Similarly, in Riggs v. United States, 280 F.2d 750, 753 (5th Cir. 1960), the former Fifth Circuit strongly condemned nondisclosure of a transaction not included in the indictment but "saved to be used as a surprise knockout blow." See also United States v. Paone, 782 F.2d 386, 395 (2nd Cir. 1986).

This Court, as well as Mr. Aguilar, has a stake in pretrial disclosure of the Government's intention to interject 404(b) evidence into the trial. Admissibility of such evidence ordinarily poses serious questions of law that may delay the proceedings if litigated during the course of the trial. Moreover, if the government is allowed to admit such evidence during the trial, mid-trial continuances may be necessary in the interest of justice to allow the accused a fair opportunity to meet the evidence. Finally, erroneous admission of such evidence remains a common source of mistrials, appeals and retrials.

Sound judicial administration requires pre-trial notice of the Government's intention to use 404(b) evidence. This pre-trial notice is needed so that the question of admissibility can be resolved before the jury is exposed to *voir dire* examination and opening statements. See United States v. Gray, 730 F.2d 733 (11th Cir. 1984); see generally, 2 Weinstein's Evidence 404[1] at 404-13 - 404-14 (1980). In fairness to Mr. Aguilar and to the trial court, Defendant's motion should be granted. E.g., United States v. Stofsky, 409 F. Supp.

609, 620 (S.D. N.Y. 1973); cf., United States v. Solomon, 490 F. Supp. 373 (S.D. Ga. 1980) [Government voluntarily gave defendant, under Rule 12(d)(1) of the Federal Rules of Criminal Procedure, pre-trial notice of intention to use other crimes evidence].

Additionally, to further enable Defendant and the Court to consider the admissibility of any Rule 404(b) evidence in an orderly and intelligent manner, Mr. Aguilar requests the Court to order the Government to provide him, within a reasonable time, a list of all such contemplated Rule 404(b) evidence, including names of witnesses, dates, summaries of expected testimony, and any related documentary evidence. See United States v. Kilroy, 523 F. Supp. 206, 216 (E.D. Wis. 1981).

Dated: Washington, DC
       June 7, 2006                        Respectfully submitted,

                                          **LAW OFFICE OF A. EDUARDO BALAREZO**

                          By:    _____
                                  A. Eduardo Balarezo (Bar # 462659)
                                  400 Fifth Street, NW
                                  Suite 300
                                  Washington, DC  20001
                                  (202) 639-0999

                                  *Attorney for Jorge Aguilar*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of June 2006, I caused a true and correct copy of the foregoing Defendant Aguilar's Consent Motion for F.R.E. 404(b) Notice and Memorandum in Support to be delivered via Electronic Case Filing to the Parties in this case.

_____
A. Eduardo Balarezo