**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | **Criminal No. Cr-05-404 (RMC)** |
| *v.* | : | **Next Date:  7/6/06** |
| | : | |
| **JORGE AGUILAR** | : | |

### DEFENDANT AGUILAR'S MOTION TO DISMISS SECOND SUPERSEDING INDICTMENT, OR ALTERNATIVELY, FOR A BILL OF PARTICULARS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Defendant Jorge Aguilar ("Aguilar"), by and through undersigned counsel, respectfully moves the Honorable Court to dismiss the Second Superseding Indictment, or alternatively, Mr. Aguilar moves for a Bill of Particulars.  As grounds for this motion, Mr. Aguilar states as follows:

1.    The indictment must be dismissed for failure to state essential facts of the offenses with which Mr. Aguilar is charged.  Trial on this indictment would violate Mr. Aguilar's Sixth Amendment right to be informed of the nature and cause of the charges against him.

2.    The government has charged Mr. Aguilar in a four-count superseding indictment alleging two separate conspiracies.  The first conspiracy covers the time frame from July 2005 to November 16 2005, and charges Conspiracy to Import Five Kilograms or More of Cocaine into the United States and Conspiracy to Distribute Five Kilograms or More of Cocaine Intending that the Cocaine Would be Imported into the United States.  The second conspiracy covers the time period from August 1, 2005 to November 20, 2005 and also charges Conspiracy to Import Five Kilograms or More of Cocaine into the United States and Conspiracy to Distribute Five Kilograms or More of Cocaine Intending that the Cocaine Would be Imported

into the United States.

3.     In effect, the language of the indictment is but a rote recitation of statutory language and provides Mr. Aguilar with no notice of what he is expected to confront at trial.  Mr. Aguilar has filed a separate Motion to Dismiss Indictment with respect to the First Superseding Indictment, which alleged what are now counts one and two and a forfeiture allegation.  With respect to counts three and four, the government has disclosed no information regarding the facts considered by the grand jury in concluding that Mr. Aguilar committed the offenses.  Based on the indictment before this Court, Mr. Aguilar will not be able to adequately prepare to defend himself against the accusations and the government might be able to impermissibly conform its theory of criminality to the evidence that develops at trial. The dangers render the indictment invalid and must therefore be dismissed.

## ARGUMENT

### I.     The Indictment is Defective and Must be Dismissed

An indictment must be plain, concise and definitive on the essential facts, or a defendant must move to dismiss the defective indictment before trial.  See Fed. R. Crim. P. 7(c) and 12(b)(3).  In Russell v United States, 369 U.S. 749 (1962), the Supreme Court reversed convictions due to an indictment that failed to satisfy the requirements of Rule 7(c).  The Russell Court discussed three distinct constitutional deprivations, the first being whether the indictment stated the essential facts so a defendant may plead a former acquittal or conviction. Id. at 764 (citations omitted).  Unlike Russell, where times and places were noted, the indictment against Mr. Aguilar fails to set out his conduct that allegedly forms the basis of the charges.

The second constitutional deprivation discussed by the Russell Court was that an indictment must apprise a defendant of what he must be prepared to defend. Id. at 763. Beyond

the language of the statute, the indictment must state facts and circumstances describing the offense.  Mr. Aguilar appears to be charged under a vague theory of conspiracy and aiding and abetting. The language is insufficient.

The third and final constitutional deprivation discussed by the <u>Russell</u> Court was that a defendant may not be convicted on facts not considered by the grand jury. In Mr. Aguilar's case, there is no way to know what facts the grand jury found to support the indictment.  While the government has supplied discovery, the indictment in this case cannot be cured by such a remedy. <u>Id.</u>

## II.     **The Government Must Provide a Bill of Particulars**

In the event that the court denies the relief requested above, Mr. Aguilar requests a Bill of Particulars pursuant to FRCP 7(f).  The informal discovery process has been quite extensive in this case, yet, taken together with the indictment, has failed to shed light upon what conduct, if any, by Mr. Aguilar constitutes the crimes alleged in counts three and four.  <u>See</u> <u>Russell v. United States</u>, 369 U.S. 749 (1962).

At this time, the government has not provided any discovery regarding counts three and four of the superseding indictment.  Mr. Aguilar would like to know the time and date of any act allegedly committed by him in furtherance of the alleged conspiracy and which act the government intends to prove at trial.  Mr. Aguilar has no idea what criminal acts he is supposed to have committed.

As a result of the government's failure to provide any information regarding the two new counts, Mr. Aguilar remains ignorant of just when he is alleged to have joined the conspiracy; what he is alleged to have done to effect membership; and what exactly it is that he allegedly for which he is being prosecuted.  Mr. Aguilar also requests specific information as to

all persons with whom he is alleged to have conspired.

**WHEREFORE**, for the reasons stated above, and for all other reasons that might become apparent to the Court, Mr. Aguilar respectfully moves this Court to dismiss the indictment or, alternatively, to issue an Order directing the government to provide a Bill of Particulars with respect to counts three and four of the Second Superseding indictment.

Dated: Washington, DC
      June 21, 2006

Respectfully submitted,

**LAW OFFICE OF A. EDUARDO BALAREZO**

_____
A. Eduardo Balarezo (Bar No. 462659)
400 Fifth Street, N.W.
Suite 300
Washington, D.C. 20001
(202) 639-0999 (tel)
(202) 783-5407 (fax)

*Attorney for Jorge Aguilar*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of June, I caused a true and correct copy of the foregoing Defendant Aguilar's Motion to Dismiss the Second Superseding Indictment, or Alternatively, for a Bill of Particulars and Incorporated Memorandum of Points and authorities in Support Thereof to be delivered to the parties in this case via Electronic Case filing.

_____

A. Eduardo Balarezo