UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>*v.* )<br>)<br>ADAN CASTILLO )<br>_____) | Criminal No. 05-404 (RMC) |

**RESPONSE TO DEFENDANT CASTILLO'S MOTION TO
SUPPRESS STATEMENTS AND MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF**

Comes now the United States of America, by and through Kenneth A. Blanco, Chief, Narcotics and Dangerous Drugs Section, Department of Justice, and Paul W. Laymon, Jr., Trial Attorney, Narcotic and Dangerous Drugs, and respectfully moves this Court to deny defendant Castillo's motion to suppress any oral statements made at, during or after the time of his arrest. In support of its motion, the government is prepared to prove the following:

**FACTUAL BACKGROUND**

On or about November 15, 2005, DEA Special Agents arrested the defendant, Adan Castillo, in Chantilly, Virginia. At the time of his arrest, an experienced DEA agent, conversant in Spanish, advised Mr. Castillo in Spanish that he had the right to remain silent, that any statement he made may be used against him and that he had the right to the presence of an attorney, retained or appointed. At no point were any threats or promises made to the defendant. Mr. Castillo read the Spanish translation of his Miranda rights and told the agent that he wished to waive those rights and speak to him. Before the interrogation, he executed a written Miranda waiver. At no time during the interrogation did Mr. Castillo stop talking or request the presence of an attorney.

1

Defendant Castillo was at the time of his arrest the head of the national anti-narcotics agency in Guatemala. He is an educated and intelligent career police officer. After his indictment in the United States, he came to Virginia ostensibly for port security training, as he supervised officers in Guatemala responsible for port security. He was in the United States one day before he was arrested. The arresting officers were polite and businesslike. The defendant was not threatened in any way. He was not under the influence of alcohol or drugs and he appeared calm and rational at all times.

## ARGUMENT

Defendant Castillo knowingly and voluntarily waived his Miranda rights. During a custodial interrogation, the right to remain silent and the right to the presence of an attorney may be waived if the waiver is made knowingly, voluntarily, and intelligently. Miranda v. Arizona, 384 U.S. 436, 444 (1986). A voluntary waiver is the product of a free and deliberate choice rather than intimidation, coercion or deception. United States v. Yunis, 859 F.2d 953, 961 (D.C. Cir. 1988). Additionally, a defendant's waiver is voluntary when he has a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it. Moran v. Burbine, 475 U.S. 412, 421 (1986).

The validity of any Miranda waiver is determined by the totality of the circumstances. Fare v. Michael C., 442 U.S. 707, 725 (1979). These circumstances include the education, experience and conduct of the accused as well as the credibility of the police officer testimony. Pettyjohn v. United States, 419 F.2d 651, 654 n. 7 (D.C. Cir. 1969). While a defendant's alienage and unfamiliarity with the American legal system is included among these objective factors, the fact that a defendant's alien status may have prevented him from understanding the

full, tactical significance of his decision will not invalidate his waiver.  Yunis, 859 F.2d at 965.

Mr. Castillo knowingly and voluntarily waived his Miranda rights.  A mature educated man familiar with police procedure and custom from a career in law enforcement, Mr. Castillo understood both his right to remain silent and the right to counsel.  He was alert and attentive when the agent read aloud his Miranda rights in Spanish, when he himself read the written translation, and when he executed the waiver.  At no point before or after his waiver was Mr. Castillo coerced, harassed or intensely interrogated.  Indeed, after he waived his Miranda rights, Mr. Castillo answered all questions freely and easily.  Thus, Mr. Castillo knowingly and voluntarily waived his Miranda rights.

## CONCLUSION

For the foregoing reasons, the government respectfully requests this Court to deny defendant Castillo's motion to suppress statements made at or after the time of arrest.

Respectfully submitted,

_____

Paul W. Laymon
Trial Attorney
Narcotic and Dangerous Drugs
Department of Justice, Suite 8414
1400 New York Avenue, N. W.
Washington, DC 20005
Phone          202-514-1286
Facsimile     202-514-1483

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of June 2006, I caused a true and correct copy of the Response to Defendant Castillo's Motion to Suppress Statements to be delivered to the parties in this case via Electronic Case Filing.

_____

Paul W. Laymon