UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. Cr-05-404 (RMC) |
| v.   ) | |
| ) | |
| JORGE AGUILAR ) | |
| ) | |

**RESPONSE TO DEFENDANT'S MOTION FOR A PRELIMINARY DETERMINATION OF CONSPIRACY AND PRETRIAL RULING ON THE ADMISSIBILITY OF CO-CONSPIRATOR'S STATEMENTS PURSUANT TO F.R.E. 801(d)(2)(E)**

Comes the United States through Kenneth A. Blanco, Chief, Narcotic and Dangerous Drugs, Department of Justice, and Paul W. Laymon, Trial Attorney, Narcotic and Dangerous Drugs, and moves the court to deny defendants motion for a pretrial hearing.

The defendant asks the Court for, "a pretrial hearing to determine the existence of a conspiracy and to determine the admissibility of any statements of alleged co-conspirators pursuant to Fed. R. Evid. 801(d)(2)(E)". Defendant makes it clear in his motion that "this determination should be made prior to trial."

Defendant cites to varied sources to support this claim. First, the defendant relies on Fed. R. Evid. 104. Fed. R. Evid. 104(a) states that preliminary questions concerning the admissibility of evidence shall be determined by the court, subject to 104(b), which in the context of conspiracy holds that the court may at trial introduce evidence of a conspiracy before the conspiracy itself is proven, subject to the government later proving the existence of the conspiracy. Rule 104 does not say that these determinations must be made before trial, specifically notes that the question may be decided at trial, and therefore does not support the

1

defendant's motion for a preliminary hearing.

Second, the defendant relies on a litany of cases to support his claim. None of the cases support his contention. In United States v. Gnatt, 617 F.2d 831 (D.C. Cir. 1980), defendants were charged with conspiracy. One issue the court had to determine was whether the trial court's failure to make a preliminary detailed finding of the existence of conspiracy prejudiced any complaining defendant; the court held that it did not. Id. at 843. The defendants claimed that proof a conspiracy existed must be found before the statements of their co-conspirators could be admitted, but the court did not agree. Id. Although Gnatt does not explicitly deal with the question of a pretrial hearing, it implicitly holds that the issue is decided at trial. In United States v. Jackson, 627 F.2d 1198 (D.C. Cir. 1980), the court held that the judge determines the admissibility of the evidence. At page two of his motion, Defense Counsel quotes Jackson to the effect that "the better practice" is for the court to admit hearsay statements of a co-conspirator pursuant to Fed. R. Evid. 801(d)(2)(E) only after the court has determined the existence of a conspiracy. Id. at 1218 (not 1219). Defense Counsel erroneously concludes that Jackson required a pretrial determination of threshold conspiracy issues. Jackson does not require or even recommend such a pretrial hearing. Rather, Jackson stands for the proposition that these threshold conspiracy issues are to be decided by the judge (not the jury) at trial, in fact at some point before the government concludes its case. Id. In United States v. James, 590 F.2d 575 (5th Cir. 1979), the court held similarly that the determination of admission of statements of co-conspirators is up to the judge. Neither United States v. Perholtz, 836 F.2d 554 (D.C. Cir. 1988) nor United States v. Weisz, 718 F.2d 413 (D.C. Cir. 1983) support defendant's claim. The court in Perholtz dealt with convictions for mail fraud arising from an insurance premium

kickback scheme, and did not really address the issue of conspiracy.  Perholtz, 836 F.2d at 556.  In Weisz the court addressed charges of conspiracy against the defendants and many issues related therein.  Weisz, 718 F.2d at 432-34.  The closest the court came to discussing the issue at hand is when it discussed the statements of co-conspirators and when or if they should be admitted.  Id. at 433.  It allowed the statements to be admitted and never mentioned the necessity of a pretrial hearing to determine that a conspiracy existed before admitting these statements.  Id.

    The law in the District of Columbia is that (1) the judge, not the jury decides the admissibility of evidence related to a conspiracy and (2) the trial court may wait until the close of the government's proof to determine whether a conspiracy existed.  Jackson, 627 F.2d at 1218; United States v. Slade, 627 F.2d 293 (D.C. Cir. 1980).  These two cases make it clear that there is no requirement for a pretrial hearing.  Jackson and Slade continue to be the law in the District of Columbia.  See United States v. Gregg, 47 Fed. Apprx. 1 (D.C. Cir. 2002).

    Accordingly for the reasons stated above the government moves the court to deny the motion for a preliminary hearing.  To grant the motion would be to essentially have two trials.  Such an issue is more properly decided at trial.

Respectfully submitted,

_____

Paul W. Laymon
Trial Attorney
Narcotic and Dangerous Drugs
Department of Justice, Suite 8414
1400 New York Avenue, N. W.
Washington, DC 20005
Phone           202-514-1286
Facsimile       202-514-1483

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of June 2006, I caused a true and correct copy of the Response to Defendant Aguilar's Motion for a Preliminary Determination of Conspiracy and Pretrial Ruling on the Admissibility of Co-Conspirator's Statements pursuant to F. R. E. 801(d)(2)(E) to be delivered to the parties in this case via Electronic Case Filing.

_____

Paul W. Laymon