UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 05-404 (RMC) |
| v. ) | |
| ) | |
| JORGE AGUILAR ) | |
| ) | |

**RESPONSE TO DEFENDANT AGUILAR'S MOTION TO DISCLOSE IDENTITIES OF EACH CONFIDENTIAL INFORMANT REGARDLESS OF WHETHER THEY WILL BE CALLED AT TRIAL**

Comes the United States through Kenneth A. Blanco, Chief, Narcotic and Dangerous Drugs, Department of Justice, and Paul W. Laymon, Trial Attorney, Narcotic and Dangerous Drugs, and moves the court to grant in part, and to deny in part, defendant's motion to disclose identities of confidential informants.

Defendant claims that the identities of all government confidential informants should be disclosed in order for him to investigate bias and motive to fabricate, and to cast doubt upon credibility of certain witnesses. The defendant essentially claims that the identities of these informants will help the defense and that there are no security reasons for withholding this information. Defendant primarily cites Roviaro v. United States, 353 U.S. 53 (1957) in support of his argument.

The prosecution is prepared to disclose the identity of an informant, herein referred to as CS1, who the government will in all likelihood call as a witness at defendant's trial. This informant was a key witness to the offenses charged in counts one and two. The government acknowledges that the defendant has the right to prepare a defense, and though disclosure of this

1

informant's identity may seriously damage the public's interest in law enforcement and increase the risk of danger to this informant, the government realizes that a fair trial calls for such disclosure.

However, the government is not prepared to disclose the identity of another informant, herein referred to as CS2. Although this informant was a witness to some of the events which lead to the charges in counts one and two, the testimony of CS2 would repeat much of the testimony of CS1. The Court must balance the public's interest in law enforcement and protecting the informant's identity against the defendant's right to prepare a defense. United States v. Jefferson, 593 F. Supp. 85,89 (D.D.C. 1984); Roviaro, 353 U.S. at 62. It is the defendant's "heavy burden" to show that the identity of an informant is necessary to the defense. United States v. Warren, 42 F.3d 647, 654 (D.C.Cir. 1994). In making this determination, the Court should consider the crime charged, the possible defenses, the possible significance of the informant's testimony, and other relevant circumstances. Roviaro, 353 U.S. at 62.

Disclosure would endanger the personal safety of CS2 and CS2's family. The testimony of CS2 is not exculpatory. The testimony of CS2 is basically cumulative to the testimony of CS1. At least two courts have held that where disclosure would endanger the informant and the testimony is not exculpatory, disclosure would not be ordered. United States v. Edelin, 128 F. Supp.2d 23, 33-34 (D.D.C. 2001); United States v. Pelton, 578 F.2d 701,797-808 (8th Cir. 1978), cert. denied, 439 U.S. 964 (1979). Here, the defendant has not articulated a strong basis for why the disclosure of any informant's identity should be disclosed. For example, the defendant has not shown how the testimony of CS2 would assist any possible defense. Failure to articulate a sufficient basis for disclosure is itself grounds to not require disclosure. United States v. Skeens,

449 F.2d 1066,1070 (D.C. Cir. 1971).

In <u>United States v. Gaston</u>, 357 F.3d 77, 84 (D.C. Cir. 2004), the court cautioned about overly relying on the statement in <u>Roviaro</u>, that if "the disclosure of an informer's identity is relevant or helpful to the defense of an accused, the privilege must give way." <u>Roviaro</u>, 353 U.S. at 60-61. The Court discussed the public policy implications behind disclosing such information and determined that there is not a bright line rule about disclosing the identity of confidential informants. <u>Gaston</u>, 357 F.3d at 84. The Court focused on "the heavy burden ... to establish that the identity of an informant is necessary to the defense." <u>Id.</u> In the instant case, the defendant has simply not met this heavy burden.

Accordingly for the reasons stated above, the government moves the court to grant in part, and deny in part, the defendant's motion to disclose.

Respectfully submitted,

_____

Paul Laymon
Trial Attorney
Narcotic and Dangerous Drugs
Department of Justice, Suite 8414
1400 New York Avenue, N. W.
Washington, D.C. 20005
Phone        202-514-1286
Facsimile    202-514-0483 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of June 2006, I caused a true and correct copy of the Response to Defendant Aguilar's Motion to Disclose Identities of Each Confidential Informant Regardless of Whether They Will be Called at Trial to be delivered to the parties in this case via Electronic Case Filing.

_____

Paul W. Laymon