UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES : | |
| : | Criminal No. Cr-05-404 (RMC) |
| *v*. : | Next Date:  8/17/06 |
| : | |
| JORGE AGUILAR : | |

**DEFENDANT AGUILAR'S MOTION TO DISMISS INDICTMENT OR, ALTERNATIVELY, TO COMPEL GOVERNMENT TO ELECT FROM AMONG MULTIPLICITOUS COUNTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendant Jorge Aguilar ("Aguilar"), by and through undersigned counsel, respectfully moves the Honorable Court to issue an Order compelling the government to elect among multiplicitous counts to proceed to trial, or alternatively, to dismiss the Indictment.  As grounds for this motion, defendant submits the following:

Aguilar is second in command of the Guatemala agency SAIA, the functional equivalent of the Drug Enforcement Agency.  The government has charged Aguilar in a four-count indictment alleging Conspiracy to Import Five Kilograms or More of Cocaine into the United States (Counts 1 and 3) and Conspiracy to Distribute Five Kilograms or More of Cocaine Knowing that the Cocaine Would be Imported into the United States (Counts 2 and 4).  Counts 1 and 2 refer to an alleged conspiracy involving Aguilar and co-defendants Castillo and Palacios, and lasting from on or about July 2005 to November 16, 2005.  In this conspiracy, the three defendants are said to have plotted with a government informer to import approximately 2000 kilograms of cocaine powder into the United States.

Counts 3 and 4 refer to an alleged conspiracy involving the same codefendants, and lasting from on or about August 1, 2005 to November 20, 2005.  In this second conspiracy, the government alleges that the codefendants conspired with actual narcotics traffickers to allow

a shipment of 2000 kilograms of cocaine to pass through the Port of Santo Tomas then onto the United States.

The government alleges that the defendants were part of a general conspiracy to import and distribute cocaine into the United States. Considering the vague nature of the indictment and the facts as known, at most there is evidence of only one conspiracy and the government has charged a multiplicitous indictment. The alleged conspiracies involve the same persons, the same methods, the same time period and the same drug. Any multiplicitous counts must be striken.

## ARGUMENT

Counts of an indictment are multiplicitous if they both charge a defendant with the same offense. See United States v. Cisneros, 26 F. Supp.2d 24, 44 (D.D.C. 1998). "An indictment is multiplicitous, and thereby defective, if a single offense is alleged in a number of counts, unfairly increasing a defendant's exposure to criminal sanctions." United States v. Anderson, 39 F.3d 331, 353-54 (D.C. Cir. 1994) (citation omitted).

"The doctrine of multiplicity 'is based upon the double jeopardy clause of the Fifth Amendment, which assures that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense.'" United States v. Harris, 79 F.3d 223, 231 (2d Cir.), cert. denied, 519 U.S. 851 (1996) (quoting United States v. Fiore, 821 F.2d 127, 130 (2d Cir.1987)). Multiplicitous charges "improperly prejudice a jury by suggesting that a defendant has committed not one but several crimes." United States v. Reed, 639 F.2d 896, 904 (2d Cir.1981).

"The law protects defendants against multiplicitous charges to avoid the imposition of multiple sentences for a single offense and to preclude any prejudice that multiple

2

charges might generate in the eyes of a jury." See United States v. Watt, 911 F. Supp. 538, (D.D.C. 1995) (quoting United States v. Clarridge, 811 F. Supp. 697, 702 (D.D.C.1992)); 1 Charles A. Wright, Federal Practice and Procedure: Criminal § 142, at 475-76 (2d ed. 1982). An indictment charging multiple offenses arising from the same conduct "'may falsely suggest to a jury that a defendant has committed not one but several crimes.'" Clarridge, 811 F. Supp. at 702 (quoting United States v. Duncan, 850 F.2d 1104, 1108 n. 4 (6th Cir. 1988); see also United States v. Marquardt, 786 F.2d 771, 778 (7th Cir. 1986) (noting that multiple indictments create the impression of more criminal activity than in fact occurred).

The test for determining whether two counts of an indictment are multiplicitous is set forth in Blockburger v. United States, 284 U.S. 299 (1932): "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each [count] requires proof of an additional fact which the other does not." Id. 284 U.S. at 304. See also United States v. Cisneros, 26 F. Supp.2d 24, 44 (D.D.C. 1998). "If one element is required to prove the offense in one count which is not required to prove the offense in the second count, there is no multiplicity." United States v. Briscoe, 742 F.2d 842, 845 (5th Cir. 1984).

On their face, Counts 1 and 3, and Counts 2 and 4 are multiplicitous. Counts 1 and 3 each charge Conspiracy to Import Five Kilograms or More of Cocaine into the United States, thus each count requires proof of the same elements. Counts 2 and 4 each charge Conspiracy to Distribute Five Kilograms or More of Cocaine Knowing that the Cocaine Would be Imported into the United States. Again, each of these counts requires proof of the same element. Thus, with respect to Counts 1 and 3, and counts 2 and 4, neither count requires proof of a fact that the other does not and are multiplicitous.

3

Additionally, not only do Counts 1 and 3 (21 U.S.C. § 952), and Counts 2 and 4 (21 U.S.C. § 959) share a violation of the same federal criminal statute, but also the conspirators alleged in Counts 1 and 2 are alleged to have been members of the conspiracy charged in Counts 3 and 4; there is almost identical overlap in time between the alleged conspiracies (July 2005 to November 15, 2005 and August 1, 2005 to November 20, 2005); the alleged conspiracies operated in largely the same manner (the codefendants allowed safe passage of cocaine through the Port of Santo Tomas); the geographic location of the alleged conspiracies are identical (Port of Santo Tomas and Guatemala in general); and both conspiracies allege the same objects of the conspiracy (to import and distribute cocaine into the United States).

In effect, the indictment charges the same crimes in Counts 1 and 3 and Counts 2 and 4. Allowing the government to proceed to trial with multiple counts alleging the same crime exposes Aguilar to prejudice before a jury that may easily infer that he is engaged in several crimes and, more importantly, subject him to multiple punishment for the same offense.

**WHEREFORE**, for the foregoing reasons, and any other that might become apparent to the Court, Defendant Aguilar respectfully requests that this motion be **GRANTED**.

Dated: Washington, DC
July 20, 2006                                      Respectfully submitted,

**LAW OFFICE OF A. EDUARDO BALAREZO**

_____
A. Eduardo Balarezo (Bar No. 462659)
400 Fifth Street, N.W.
Suite 300
Washington, D.C. 20001
(202) 639-0999 (tel)
(202) 783-5407 (fax)

*Attorney for Jorge Aguilar*

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of July, I caused a true and correct copy of the foregoing Defendant Aguilar's Motion to Dismiss Indictment or, Alternatively, to Compel Government to Elect From Among Multiplicitous Counts and Incorporated Memorandum of Points and authorities in Support Thereof to be delivered to the parties in this case via Electronic Case filing.

_____

A. Eduardo Balarezo