# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES** | **:** | |
| | **:** | **Criminal No. Cr-05-404 (RMC)** |
| *v.* | **:** | **Next Date:  8/17/06** |
| | **:** | |
| **ADAN CASTILLO AGUILAR,** | **:** | |
| | **:** | |

## <u>JURY INSTRUCTIONS</u>

Jury instructions as given by the court in the above-captioned case.

Date: _____

_____

**ROSEMARY M. COLLYER**

**UNITED STATES DISTRICT JUDGE**

## I.    PRELIMINARY INSTRUCTIONS

Before we begin the trial, I want to give you some legal instructions and then I am going to read the indictment to you, so this is going to take a while. After that, we will have the opening statements by the lawyers.  First, I will ask the clerk to please give you the oath as members of the jury panel and alternates.

(jury is sworn.)

All right. Ladies and gentlemen, I want to begin to explain some of the legal rules that will be important in this trial. I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions I will give you at the end of the trial just before you start your deliberations.  These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

When you took your seats, you probably noticed that each of you had a notebook and pen waiting for you. It's my practice to allow jurors to take notes during the trial if they want to and to have their notes with them during the jury's deliberations.  I want to emphasize that none of you is required to take notes; indeed, you should not do so if you think that note-taking will distract your attention from the evidence or the testimony of the witnesses.  On the other hand, if you think that taking notes might help you remember the testimony of the witnesses and the other evidence in the case, or might make you pay more attention during the trial, you are free to take notes. You should remember that your notes are only an aid to help your own memory.  They are not evidence in the case and they should not replace your own memory of the evidence. Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes. Whenever there is a recess in the trial, you should leave your notebooks and pens on your seats.  At the end of each day, you will take them

with you to the jury room and put your jury number on the outside of the envelope you have, then they will be sealed each night and the jury room locked, and you will get them back the next morning, so you keep your own notes together all the time. No one, including myself, will ever look at any of your notes. At the end of the trial when you come back to the courtroom to deliver your verdict, your notes will be destroyed. Again, neither I nor anyone else will ever look at any notes you have taken; they are just for your own use.

At the beginning of the jury selection process, you were given the names of those people that we expected to be called as witnesses at the trial. If at any time during the trial you suddenly realize that you recognize or might know any witness, lawyer, someone referred to in the testimony or evidence, or anyone else connected with the case in any way, you should tell me immediately. You should not tell any other member of the jury about your discovery. If you realize you're acquainted with someone connected with this case while a witness is testifying, just raise your hand immediately and ask to speak privately to the marshal or me at the bench.

Now let me explain some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case that began when the grand jury returned an indictment. An Assistant U.S. Attorney will present evidence in support of the charges in the indictment. Let me read in pertinent part, the charges in the indictment for you:.

[The Court reads Counts 1, 2, 3 and 4 of the indictment in their entirety.]

That completes the reading of the indictment. I have a few additional instructions before we begin the trial. You should understand clearly that the indictment that I have just read is not evidence. The indictment is just the formal way of charging a person with a crime in order to bring him to trial. You must not think of the indictment as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because he has been

indicted. At the end of the trial, you will have to decide whether or not the evidence presented

has convinced you beyond a reasonable doubt that the defendant committed the offenses with

which he has been charged in the indictment.

I won't go through all the elements of the offenses and the substantive instructions

because I will give you those at the end of the trial, and I will give you a copy of the written

instructions to have with you in the jury room when you're deliberating at the end of the trial.  As

we start the trial, though, it's important to keep some rules in mind: first and foremost is that

every defendant in a criminal case is presumed to be innocent.  This presumption of innocence

remains with the defendant throughout the trial unless and until he is proven guilty beyond a

reasonable doubt. The burden is on the government to prove the defendant guilty beyond a

reasonable doubt, and that burden of proof never shifts throughout the trial.  The law does not

require a defendant to prove his innocence or to produce any evidence.  If you find that the

government has proven beyond a reasonable doubt every element of the offense with which the

defendant is charged, then it is your duty to find him guilty.  On the other hand, if you find the

government has failed to prove any element of the offense beyond a reasonable doubt, you must

find the defendant not guilty.

As I explain how the trial will proceed, I will refer to the government and the

defendant. When I mention the government, I'm referring to the two Assistant United States

Attorneys who will be presenting evidence in support of the charges.  They are Assistant United

States Attorneys Paul Laymon and Michael Mota.  When I mention the defendant, I'm either

referring to the defendant or his attorney, Eduardo Balarezo.

As the first step in the trial, the government and the defendant will have an

opportunity to make opening statements. If the government makes an opening statement, it must

do so at the beginning of its case. The defendant may make an opening statement immediately after the government's opening statement, or may wait until the beginning of the defendant's case. The defendant does not have to making an opening statement. The opening statements are only intended to help you understand the evidence that the lawyers expect will be introduced. The opening statements are not evidence. After the opening statement or statements, the government will introduce evidence to support the charges in the indictment. After the government presents its evidence, the defendant may present evidence, but he is not required to do so. The law does not require a defendant to prove his innocence or to produce any evidence. At the end of all the evidence, each side will have an opportunity to make a closing argument in support of its case. The lawyers' closing arguments, just like their opening statements, are not evidence in the case. They are only intended to help you understand the evidence.

Finally, at the end of all the evidence, and after both sides have finished their closing arguments, I will tell you in detail about the rules of law that you must follow when you consider what your verdict shall be. Your verdicts must be unanimous, that is, all 12 jurors must agree on the verdicts as to each count.

I want to briefly describe my responsibility as the Judge, and your responsibility as the jury. My responsibility is to conduct this trial in an orderly, fair, and efficient manner, to rule on legal questions which come up in the course of the trial, and to instruct you about the law which applies to this case.

It is your sworn duty as jurors to accept and apply the law as I state it to you. Your responsibility as jurors is to determine the facts of the case. You and only you are the judges of the facts. You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the witnesses. You must consider and weigh the

testimony of all the witnesses who appear before you.  You alone must decide whether to believe

any witness, and to what extent to believe any witness.  Remember, you must pay very careful

attention to the testimony of all the witnesses before you because you will not have any

transcripts or summaries of the testimony available to you during your deliberations.  You will

have to rely entirely on your own memory and your notes if you chose to take any.

At this point, I like to say to alternate jurors, we don't know what medical or

other emergency might cause me to excuse one of the primary jurors during service, and we

really won't know until the very end whether some or all of you may end up being seated as

jurors. If you are seated, you are going to have to rely on your own memory and recollection

of the evidence. So for that reason it's very important that you pay close attention even though

you're an alternate because we really won't know in a long trial like this until the end if any

emergency causes me to have to discharge one of the primary jurors.

During this trial I may rule on motions and objections by the lawyers, make

comments to the lawyers, question the witnesses and instruct you on the law.  You should not

take any of my statements or actions as any indication of my opinion about how you should

decide the facts.  If you think that somehow I have expressed or even hinted at any opinion as to

the facts of the case, you should disregard it.  The verdict in this case is your sole and exclusive

duty and responsibility.

You may consider only the evidence properly admitted in the case.  That

evidence includes the sworn testimony of witnesses and exhibits.  If the evidence includes

anything other than the testimony and exhibits, I will instruct you about the other types of

evidence when they're admitted during the trial.

During the trial, if the Court or a lawyer makes a statement or asks a question

that refers to evidence that you remember differently, you should rely on your own memory of the evidence during your deliberations.

The lawyers in the case may object when the other side asks a question, makes an argument, or offers evidence which that lawyer believes is not properly admissible. You must not be prejudiced against the lawyer who makes the objection, or the party he or she represents. Indeed, it is the lawyer's responsibility to object to evidence that he or he believes is not properly admissible. If I sustain an objection to a question asked by a lawyer, you should forget the question because the question is not evidence. You must not guess or speculate what the answer to the question would have been. If a question is asked and answered and I then ruled that the answer should be stricken from the record, you must forget both the question and the answer that were stricken. You should follow the same rule if any of the exhibits are stricken.

You must not be influenced by the nature of the charge in arriving at your verdict. Your responsibility is to decide this case solely on the evidence presented in this courtroom. As a result, you must not conduct any independent investigation of your own of the case, like going to visit the scene.

In addition, you should disregard any statements made about the case by anyone outside the courtroom. You must not talk about the case with the lawyers, the defendants, witnesses, or anyone else connected with the case. If you see someone involved in this case outside the courtroom, other than a fellow juror, you should not speak with that person about anything. If at any time during the trial anyone tries to discuss the case with you, or if you hear anyone talking about the case, you should refuse to participate in or listen to the discussion. If you speak with someone involved in the case outside the courtroom while the trial is still going on, we may have to stop the trial, pick a new jury, and start all over again.

You must also completely disregard any press coverage, including newspaper, television or radio reports that you may read, see or hear. If you are exposed to any news reports inadvertently, you should immediate disregard them and direct your attention elsewhere.

If you have heard any statements about the case, if anyone has tried to discuss the case with you, or if you have been exposed to press coverage about the case, you must tell me about it immediately by informing the marshal or the courtroom clerk that you need to speak to me. You should not tell any of your fellow jurors or anyone else. You should tell only me, or tell the marshal or the clerk that you need to speak to me.

You must not discuss this case with anyone until the case is submitted to you for your decision at the end of my final instructions. Until the case is submitted to you, you must not talk about it even with your fellow jurors. You must not talk about the case to your friends or relatives, or even your husband or wife, until it's over and you've completed your deliberations.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room, and only in the presence of all your fellow jurors. It is important that you keep an open mind and not decide any issue in the case until I submit the entire case to you with my final instructions.

In addition, do not permit any other person to discuss the case in your presence. This applies to anyone, including members of your family, friends or relatives, courtroom spectators, witnesses, reporters and parties to the case. If anyone attempts to discuss the case with you, tell them not to talk to you. If anyone attempts to discuss the case with you or you overhear any discussion of the case, you must report that fact to me as soon as you can; however, you should not discuss with any of your fellow jurors the fact that someone tried to discuss the

case with you, or that you overheard a discussion, nor should you discuss with them any other fact that you feel necessary to bring to my attention.  If you need to advise me of such matters, please do so by just telling the marshal or the clerk that you need to speak to me.

Finally, although it is a natural human tendency to talk with people with whom you may be thrown into contact, you must not talk to any of the parties, their attorneys, or any witness in the case during the time you serve on the jury.  If you encounter anyone connected with the case outside the courtroom, you should avoid having any conversation with them whatsoever, overhearing their conversation, or having any contact with them at all.  If you inadvertently find yourself in the courthouse corridor or elevator, the cafeteria or any other location where the case is being discussed by attorneys, parties, witnesses or anyone else, you should immediately leave the area to avoid hearing any such discussions.  If you do overhear a discussion about the case, you should report that to me as soon as you can do so.  Finally, if you see an attorney or witness involved in the case and they turn and walk away from you, they are not being rude, they are merely trying to avoid any contact with you as I have instructed them they must do.

**II.     GENERAL INSTRUCTIONS & DEFINITIONS**

## JURY INSTRUCTION NO. 1

Members of the jury, you are about to enter your final duty in this case which is to decide the issues of fact and to return verdicts as to defendants' innocence or guilt of the charges. I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and to observe each witness who testified. It has been obvious to me and to counsel that you have conscientiously discharged this duty. I ask you now to give me that same careful attention as I instruct you on the law applicable to this case.

## JURY INSTRUCTION NO. 2

## FUNCTION OF THE COURT [2.01]

The function of the Court is to conduct the trial of the case in an orderly, fair and efficient manner, to rule upon questions of law arising in the course of the trial, and to instruct you as to the law that applies in this case.

It is your duty to accept the law as I state it to you. You should consider all the instructions as a whole. You may not disregard any instruction, give special attention to any one instruction, or question the wisdom of any rule of law.

## JURY INSTRUCTION NO. 3

## FUNCTION OF THE JURY [2.02]

The function of the jury is to determine the facts. You are the sole and exclusive judges of the facts. You alone determine the weight, the effect and the value of the evidence and the credibility of the witnesses. You should determine what happened without prejudice, fear, sympathy or favor, solely from a fair consideration of the evidence. You should not be improperly influenced by anyone's race, ethnic origin, religion, gender or any other irrelevant consideration. The actions of the Court during the trial in ruling on motions or objections by counsel or in comments to counsel or in questions to witnesses or in setting forth the law in these instructions are not to be taken by you as any indication of my opinion as to how you should determine the issues of fact. If you believe I have expressed or intimated any opinion as to the facts, you should ignore it. What the verdicts will be is your sole and exclusive duty and responsibility.

In determining the facts, the jury is reminded that before each member was accepted and sworn to act as to a juror, he or she was asked questions concerning competency, qualifications, fairness and freedom from prejudice and bias. On the faith of those answers, the juror was accepted by the parties. Therefore, those answers are as binding on each of the jurors now as they were then, and should remain so, until the jury is discharged from consideration of this case.

**JURY INSTRUCTION NO. 4**

**CONSIDER EACH COUNT SEPARATELY [2.52]**

A separate offense is charged in each of the counts of the indictment which you are to consider.  Each offense, and the evidence which applies to it, should be considered separately, and you should return separate verdicts as to each count [unless I instruct you to do otherwise].  The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not control or influence your verdict with respect to any other count or counts of the indictment.

## JURY INSTRUCTION NO. 5

### NATURE OF CHARGES NOT TO BE CONSIDERED [2.14]

You are specifically cautioned against permitting the character of any charge itself to affect your minds in arriving at your verdict.  You must permit only the evidence in this case to enter into your deliberations and findings in rendering a fair and impartial verdict.

**JURY INSTRUCTION NO. 6**

**INDICTMENT NOT EVIDENCE [2.06]**

You will be provided with a copy of the indictment against the defendants.  You are reminded, however, that the indictment is not evidence.  An indictment is merely the formal manner of accusing a person of a crime in order to bring him to trial. You must not use the indictment for any purpose other than informing yourselves of the charges you are to consider. In other words, you may not regard the indictment as tending to prove a defendant's guilt or draw any inference of guilt from it.  The opening statements and closing arguments of  counsel are also not evidence.  They are only intended to assist you in understanding the evidence and the contentions of the parties.

The indictment as provided to you for your deliberations will not include certain counts that I read to you in my initial reading of the indictment before opening statement.  You should not make any inference, either in favor of or against the Defendants, from the deletion of certain items from the indictment.

**JURY INSTRUCTION NO. 7**

**STATEMENTS AND QUESTIONS BY COUNSEL [2.05]**

The questions put to the witnesses by counsel are likewise not part of the evidence in the case.  If a lawyer asked a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact unless the fact is elsewhere established by the evidence or the witness adopts the fact in answering the question.

Finally, anything you may have heard or seen outside this courtroom is not evidence and must be disregarded.

## JURY INSTRUCTION NO. 8

## COMMUNICATIONS AMONG DEFENDANTS' COUNSEL
## AND DUTY OF DEFENSE COUNSEL

At times throughout the trial you have heard one defense attorney ask questions regarding a defendant other than his client and to make various objections and argument on behalf of a defendant not his client. Every criminal defendant in every criminal case is entitled to effective assistance of counsel.  Effective assistance of counsel includes the right to confront any person who takes the witness stand and testifies for the prosecution.  Whether or not to cross-examine any witness is a matter of strategic choice to be made by counsel for each defendant. You may not take any negative inference from any defendant's decision to cross-examine or to refrain from cross-examination of any witness. In addition, you may have also noted throughout the trial that counsel for the defendants have consulted with each other and may have divided tasks to expedite the case and minimize duplication.

Indeed, in a case of this length, it's natural for defense counsel to cooperate and consult with one another.  These circumstances do not mean that you should regard the defendants as one person or entity.  Each defendant is entitled to your separate consideration.  It is the duty of an attorney representing a defendant in a criminal case to investigate the facts of the charges against his or her client to the fullest extent possible.  Such investigation properly includes locating, interviewing and taking statements from potential witnesses, either for or against the defendant.

## JURY INSTRUCTION NO. 9

### INADMISSIBLE AND STRICKEN EVIDENCE [2.07]

The lawyers in this case sometimes objected when the other side asked a question, made an argument or offered evidence that the objecting lawyer believed was not proper. You must not be prejudiced against the lawyer who made the objections, nor against his client.  It's the duty of counsel to object when the other side offers testimony or other evidence that counsel believes is not properly admissible.

If during the course of the trial I sustained an objection by one lawyer to a question asked by another, you are to disregard the question, and you must not speculate as to what the answer would have been. If the objection was overruled, treat the answer like you would any other.

If after a question was asked and an answer given by a witness, the Court ruled that the objection was sustained, you are to disregard both the question and the answer in your deliberations. Likewise, any other matters to which the Court has sustained an objection or which the Court has ordered you to disregard are not evidence and you must not consider them.

## JURY INSTRUCTION NO. 10

## EVIDENCE OF ACTS NOT CHARGED IN INDICTMENT [if applicable]

You have heard testimony of criminal acts purportedly committed by one or more of the defendants with which they are not formally charged in the indictment. That evidence was admitted for various collateral purposes, such as to show the relationship between the defendants and others involved in their activities, or to show motive, opportunity, intent, preparation, planning, knowledge, identity or absence of mistake or accident with respect to those crimes with which a defendant is actually charged here.

You are instructed that if you find that a defendant did engage in criminal activity not charged to him here, you are not to draw an inference from such a finding that the defendant is a person of bad character and that he must therefore be guilty of the crimes with which he is charged.

In other words, the fact that a defendant broke the law on other occasions is not by itself evidence that he committed any offense for which he is now on trial.

## JURY INSTRUCTION NO. 11

## EVIDENCE IN THE CASE [1.04 and 2.04]

I have instructed you on what you must not consider as evidence. Now I will instruct you as to the evidence that you are to consider. The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them, and all exhibits received into evidence regardless of who may have produced them. Although you are to consider only the evidence in the case, in your consideration of the evidence you are not limited to the literal words uttered by the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts that you find have been proved by their testimony, such reasonable inferences as you feel are justified in the light of your experience.

*The government and the defendants have stipulated, that is agreed to certain facts. Any stipulation of fact is undisputed evidence and you may consider it proven. The government and the defendants also have stipulated to what testimony a particular witness would have given if he or she had testified in this case. You may consider stipulated testimony as exactly what this witness would have said, had he or she testified.* **[if applicable]**

The Court may take judicial notice of public acts, places, facts and events which are matters of common knowledge, such as court records, or which are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. When the Court takes judicial notice of a particular fact, you may regard that fact as proven evidence.

**JURY INSTRUCTION NO. 12**

**EVIDENCE ADMITTED FOR LIMITED PURPOSES**
**OR AGAINST ONE DEFENDANT ONLY [2.50]**

During the trial certain evidence was admitted only for a limited purpose or with respect to one defendant and not against the other defendants. You may consider such evidence only for that limited purpose or with respect to the defendant against whom it was offered. You must not consider it otherwise in your deliberations.

## JURY INSTRUCTION NO. 13

## JURY'S RECOLLECTION CONTROLS

If any reference by the Court or by counsel to matters of evidence does not coincide with your own recollection of the evidence, I instruct you that it is your recollection that should control during your deliberations.

## JURY INSTRUCTION NO. 14

## NOTETAKING [1.02]

During the trial I have permitted those jurors who wanted to do so to take notes. You may take your notes with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory, and they should not replace your memory. Those jurors who have not taken notes should rely on their own memory of the evidence and should not be influenced by another juror's notes, if the notes do not coincide with their memory. The notes are intended to be for the notetaker's own personal use. At the end of your deliberations, please tear out from your notebooks any notes that you have made and give them to your foreperson. The clerk will collect your notebooks and pencils when you return to the courtroom, and I will ask the foreperson to give the clerk your notes when your verdict is announced. The clerk will give the notes to me and I will destroy your notes immediately after the trial. No one, including myself, will ever look at your notes.

## JURY INSTRUCTION NO. 15

## DIRECT AND CIRCUMSTANTIAL EVIDENCE [2.10]

You will recall that I told you that you were permitted to draw reasonable inferences from the testimony of the witnesses.  That is because the law recognizes two types of evidence from which you may find the truth as to the facts of a case:  direct evidence and circumstantial evidence.

Direct evidence is the testimony of a person who asserts actual knowledge of a fact, such as an eyewitness who testifies to what he saw or a participant who testifies as to what he did. Circumstantial evidence is proof of a chain of facts and circumstances that enable you to draw inferences that may indicate the guilt or innocence of a defendant. The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  No greater degree of certainty is required of circumstantial evidence than of direct evidence.  In reaching a verdict in this case, you should weigh all of the evidence presented, whether it is direct or circumstantial.

## JURY INSTRUCTION NO. 16

## BURDEN OF PROOF [2.08]

Now I must instruct you on the burden of proof.  Each and every defendant in a criminal case is presumed to be innocent.  This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt. The burden is on the government to prove the guilt of each and every defendant on each and every offense charged in the indictment beyond a reasonable doubt.  This burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence.  As a result of the defendant's plea of not guilty the burden is on the prosecution to prove guilt beyond a reasonable doubt.  This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The defendant begins the trial here with a clean slate. This presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all of the evidence in this case. If the government fails to sustain its burden, you must find the defendant not guilty.  If you find that the government has  proven beyond a reasonable doubt every element of an offense with which a defendant is charged, it is your duty to find that defendant guilty.

## JURY INSTRUCTION NO. 17

## REASONABLE DOUBT [2.09]

In a criminal case, the government has the burden of proving the defendant guilty beyond a reasonable doubt.  In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases that its truth is highly probable.  In criminal cases, such as this one, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt.

Reasonable doubt, as the name implies, is a doubt based upon reason -- a doubt for which you have a reason based upon the evidence or lack of evidence in the case.  If, after careful, honest and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection to hesitate to act in the graver or more important matters in life.  However, it is not an imaginary doubt, nor a doubt based upon speculation or guesswork; it is a doubt based upon reason.  The government is not required to prove guilt beyond all doubt or to a mathematical or scientific certainty.  Its burden is to prove guilt beyond a reasonable doubt.

## JURY INSTRUCTION NO. 18

## CREDIBILITY OF WITNESSES [2.11]

In determining whether the government has established the charges against the defendants beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have appeared before you.  You are the sole judge of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, and in weighing the testimony of any witness, you may consider any matter that may have a bearing on the subject. You may consider the demeanor and the behavior of the witness here on the witness stand; the witness' manner of testifying; whether the witness impresses you as a truthful individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or animosity toward other persons concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons witnessing an incident or transaction may see or hear it differently. An innocent misrecollection, like failure of recollection, is not an uncommon experience in life.  In weighing the effect of the discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or corroborated by other credible evidence. If you believe that any witness has shown himself or herself to be biased or prejudiced, for or against either side of this trial, you may consider and determine whether such bias or prejudice has so colored the testimony of such witness so as to affect the desire and capability of that witness to tell the truth. You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

*Several witnesses have acknowledged that they have conferred with counsel in advance of their testimony. You are instructed that it is lawful and proper and, indeed, to be expected that the attorney who proposes to call a witness will confer with the witness before trial. The purpose of such a conference is to enable counsel to ascertain what the witness knows of his own personal knowledge and the extent to which the witness' testimony will be admissible in evidence. The purpose is also to alert the witness as to what he will be asked to enable him to focus his recollections.*

**JURY INSTRUCTION NO. 19**

**NUMBER OF WITNESSES [2.13]**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side.  Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses to believe. It is possible that you may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side.

## JURY INSTRUCTION NO. 20

## EVALUATION OF PRIOR CONSISTENT
## AND INCONSISTENT STATEMENTS [1.10-1.11]

The testimony of a witness may be discredited or impeached by showing that the witness has previously made statements that are inconsistent with his present testimony. Such prior statements have been admitted into, and may be considered by you, as evidence. Should you find the prior statements to be inconsistent -- and whether the statements are inconsistent is a matter for you to judge -- you may consider such statements in connection with your evaluation of the truth of the witness's present testimony in court. Prior statements that omit details covered at trial are inconsistent if it would have been "natural" for the witness to include them in the earlier statement.

Where the testimony of a witness at trial is inconsistent with a prior statement of the witness, and that prior statement was given under oath subject to the penalty of perjury at another trial or at a hearing, deposition, or other proceeding, you may consider the prior statement both in evaluating the credibility of the witness at trial, and as evidence of any fact contained in the prior statement. Should you find the prior statement to be inconsistent with the witness' testimony, you may consider the statement in determining what credence is to be given to the witness's present testimony in court. Should you find the prior statement to be truthful, you may consider it as evidence in this case.

The testimony of a witness may be rehabilitated or supported by showing that the witness has previously made statements that are consistent with his present testimony. The prior statements are admitted into evidence both for your consideration in evaluating the credibility of the witness and as evidence in this case. If you find the prior statements to be consistent, you

may consider such statements both in evaluating the credence to be given to  the witness' present

testimony in court and as evidence in this case.

**JURY INSTRUCTION NO. 21**

**UNTRUTHFUL TESTIMONY AT TRIAL**

If you believe any witness has been shown to have willfully lied about any material matter at this trial, you have the right to conclude that the witness also lied about other matters.  You may either disregard all of that witness' testimony, or you may accept whatever part of it you think deserves to be believed.

## JURY INSTRUCTION NO. 22

**IMPEACHMENT BY PROOF OF CONVICTION OF A CRIME -WITNESS [1.12]**

The testimony of a witness may be discredited or impeached by showing that he or she has been convicted of a crime.  A witness's prior criminal conviction is admitted into evidence solely for your consideration in evaluating his or her credibility as a witness.  You may consider the prior conviction only in connection with your evaluation of the credence to be given the witness's present testimony in court.

## JURY INSTRUCTION NO. 23

## DECISION OF DEFENDANT NOT TO TESTIFY [2.27]

Every defendant in a criminal case has the absolute right not to testify.  You must not draw any inference of guilt against any defendant because he did not testify.

**JURY INSTRUCTION NO. 24**

**EXPERT TESTIMONY [1.08]**

The rules of evidence ordinarily do not permit witnesses to testify to their opinions or conclusions.  They are limited to relating facts of which they have firsthand knowledge.  An exception to those rules is made for witnesses who qualify as experts. An expert witness in a particular field is permitted to give his or her opinion in evidence.  Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state an opinion as to relevant and material matters in which they profess to be expert, and they also may state their reasons for their opinion.

You are not bound by the opinion of an expert.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion in whole or in part.  In other words, you should consider the witness' testimony in connection with the other evidence in the case and give it such weight, as, in your judgment, it is fairly entitled to receive.

## JURY INSTRUCTION NO. 25

## LAW ENFORCEMENT OFFICER'S TESTIMONY [2.26]

A law enforcement officer's testimony should be considered by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser credence to the testimony of any witness merely because that witness is a law enforcement officer.

**JURY INSTRUCTION NO. 26**

**ACCOMPLICE'S TESTIMONY [2.22]**

Accomplices in the commission of a crime are competent witnesses and the government has a right to use them as witnesses. An accomplice is anyone who knowingly and voluntarily cooperates with, aids, assists, advises or encourages another person in the commission of a crime, regardless of his/her degree of participation. The testimony of an alleged accomplice should be received with caution and scrutinized with care. You should give it such weight as in your judgment it's fairly entitled to receive. You may convict a defendant upon the uncorroborated testimony of an alleged accomplice only if you believe that the testimony of the alleged accomplice proves the guilt of the defendant beyond a reasonable doubt.

## JURY INSTRUCTION NO. 27

## TESTIMONY OF IMMUNIZED WITNESS [2.23]

You have heard evidence that __(name of witness)__ has received immunity.  What this means is that the testimony of the witness may not be used against him/her in any criminal case.  You should consider whether such testimony may be colored in such a way as to further the witness' own interest, for a witness who realizes that s/he may obtain his/her own freedom by incriminating another has a motive to lie.  However, you may also consider that the witness is under the same obligation to tell the truth as is any other witness, because the grant of immunity does not protect him/her against a prosecution for perjury or false statement, should s/he lie under oath.

The testimony of a witness as to whom immunity has been granted should be received with caution and scrutinized with care.  You should give the testimony such weight as in your judgment it is fairly entitled to receive.

## JURY INSTRUCTION 28

## INFORMER'S TESTIMONY [2.24]

You have heard evidence that __(name of witness)__ is an informer.  S/he has an arrangement with the government whereby s/he helps the government obtain introductions to persons suspected of violating the law or helps the government obtain similar information.  In exchange, s/he receives money, or immunity from punishment, or other personal advantage or vindication.  The use of such persons is a recognized means of detecting criminal conduct and the government is entitled to call such persons as witnesses.

However, when an informer testifies, his/her testimony should be received with suspicion and examined with greater caution than the testimony of an ordinary witness.  You should consider whether what this person receives from the government has motivated him/her to testify falsely against the defendant in order to further his/her own interests.

[If you find from all of the evidence that an informer in this case was a narcotics addict who had charges pending against him/her and was paid by the government, you should weigh his/her testimony with extreme caution, in the event it is uncorroborated in some material respect, because of the possibility of the addict's special interest in the case and his/her motive to testify falsely.]

## JURY INSTRUCTION 28A

## CONSENSUAL TAPE RECORDING

During the course of this trial, you may hear the phrase "consensual recording." This term should not be confused with the phrase "wire interception" or "wiretap." A wire interception or wiretap is a court-ordered interception of communications which does not require the consent of the parties to the conversation. A consensual recording, on the other hand, is a recording where one party to the conversation consents to the conversation being recorded. It is lawful to conduct consensual recordings, and the other party or parties to the conversation do not have to consent to the taping. Consensual tape recorded conversations may occur over the telephone or face to face.

(Modified from Instruction 3.11, D.C. Criminal Jury Instructions, 4th Ed.)

**JURY INSTRUCTION NO. 29**

**TRANSCRIPTS OF TAPE RECORDINGS**

Transcripts of recorded conversations were furnished and admitted for your convenience and guidance as you listened to the recordings to clarify portions which may have been difficult to hear, and to help you identify speakers. You will be permitted the opportunity to take the transcripts of the recorded conversations with you into the deliberation room. The recording constitutes evidence of the recorded conversations and the transcript is an interpretation of the recording. If you perceive any variation between the transcripts and the recordings, you must be guided solely by the recordings and not by the transcripts. If you cannot determine from the recording that particular words were spoken, you must disregard the transcripts so far as those words are concerned. (Authority: <u>United States v. Holton</u>, 116 F.3d 1536, 1543 (D.C. Cir. 1997))

## JURY INSTRUCTION NO. 30

## IDENTIFICATION TESTIMONY [5.06]

The burden is on the government to prove beyond a reasonable doubt, not only that an offense was committed as alleged in the indictment, but that the defendant charged with the offense was the person who committed it. In considering whether the government witnesses have proved beyond a reasonable doubt that the defendant is the person who committed the offense, you may consider any one or more of the following:

1.      The witness's opportunity to observe the criminal acts and the person committing them, including the length of the encounter, the distance between the various parties, the lighting conditions at the time, the witness' state of mind at the time of the offense, and other circumstances affecting the witness' opportunity to observe the person committing the offense that you deem relevant;

2.      Any subsequent identification, failure to identify, or misidentification by the witness, the circumstances surrounding that identification, the certainty or lack of certainty expressed by the witness, the state of mind of the witness at the time, and other circumstances bearing on the reliability of the witness' identification that you deem relevant; and

3.      Any other direct or circumstantial evidence that may identify the person who committed the offense charged or corroborate or negate the identification by the witness.

You must be satisfied beyond a reasonable doubt of the accuracy of the identification of a defendant before you may convict him.  If the circumstances of the identification of the defendant are not convincing beyond a reasonable doubt, you must find the defendant not guilty.

## JURY INSTRUCTION NO. 31

## IMPERMISSIBLE TO INFER PARTICIPATION FROM
## MERE PRESENCE OR ASSOCIATION

You may not find that a defendant is guilty of participating in criminal conduct merely from the fact that he may have been present at the time and place a crime was being committed and had knowledge that it was being committed. Likewise, you may not find that a defendant is guilty of participating in criminal conduct merely from the fact that he associated with, was a family member of, or lived with other people who were guilty of wrongdoing.

## JURY INSTRUCTION NO. 32

## MULTIPLE DEFENDANTS - MULTIPLE COUNTS [2.52 and 2.54]

Unless I have instructed you otherwise, you should consider each instruction that the Court has given to apply separately and individually to each defendant on trial. Likewise, you should give separate consideration and render separate verdicts with respect to each defendant. Each defendant is entitled to have his guilt or innocence of the crime for which he is on trial determined from his own conduct and from the evidence that applies to him, as if he were being tried alone. The guilt or innocence of any one defendant should not control or influence your verdict as to the other defendants. You may find any one or more of the defendants guilty or not guilty.  At any time during your deliberations, you may return your verdict of guilty or not guilty with respect to any defendant on any charge, after which you will resume your deliberations as to the other remaining defendants and charges.

A separate offense is charged in each of the counts of the indictment that you are to consider. Each offense, and the evidence that applies to it, should be considered separately, and you should return separate verdicts as to each count.  Except as I have otherwise instructed you, the fact that you may find a defendant guilty or not guilty of any one count of the indictment should not control or influence your verdict with respect to any other count of the indictment.

## JURY INSTRUCTION NO. 33

## PUNISHMENT NOT RELEVANT [2.74]

You are instructed that at this stage of the proceeding, the question of possible punishment of a defendant in the event of conviction is no concern of the jury and should not enter into or influence your deliberations in any way.  You should weigh the evidence in the case and determine the guilt or innocence of each defendant solely upon the basis of such evidence, without any consideration of the matter of punishment.

## JURY INSTRUCTION NO. 34

## PROOF OF STATE OF MIND [3.02]

Some of the elements of the offenses upon which I will instruct you require proof by the government of a certain "state of mind," signified by using terms like "intentional" or "knowing." Someone's intent or knowledge ordinarily cannot be proved directly because there is no way of looking directly into the workings of the human mind; however, you may infer a defendant's intent or knowledge from the surrounding circumstances, in other words, the circumstantial evidence.

You may consider any statements made or acts done or not done by the defendant, and all other facts and circumstances received in evidence that may indicate or tend to indicate the defendant's intent or knowledge. You may infer, but you are not required to infer, that a person intends the natural and probable consequences of acts knowingly done by him. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that a defendant acted with the necessary state of mind.

## JURY INSTRUCTION NO. 35

## "KNOWINGLY" – DEFINED

When the word "knowingly" or the phrase "the defendant knew" is used in these instructions, it means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake, or accident.

**JURY INSTRUCTION NO. 36**

**"ON OR ABOUT" PROOF OF [3.07]**

You will note that the indictment charges that some offenses were committed "on or about" a particular date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

# JURY INSTRUCTION NO. 37

## "POSSESSION" – DEFINED [3.08]

A term that you will encounter frequently in these instructions is "possession." You should understand that "possession" does not mean "ownership."  One can possess something without owning it. The law recognizes two kinds of possession: actual possession and constructive possession. A person has actual possession of something if he has direct physical control over it. A person has constructive possession of something when he does not have direct physical control over it, but knowingly has both the power and the intent at a given time to control it, either by himself or through another person.

The law also recognizes that possession may be sole or joint.  If one person alone has either actual or constructive possession of an item, that possession is sole. If two or more persons share either actual or constructive possession of an item, possession is joint. In any event, whenever you are required to find that a defendant possessed something, a finding of any kind of possession -- actual or constructive, sole or joint -- is sufficient. I instruct you, however, that mere presence in the vicinity of a piece of property or simple knowledge of its physical location does not constitute possession.

You may find that the requirements for possession of property are satisfied only if you find that the government has proven beyond a reasonable doubt that a defendant had actual or constructive possession of the property, either alone or jointly with others. You may find a defendant guilty of a crime charged in the indictment without finding that he personally committed each of the acts that make up the crime or that he was even present at the scene of the crime. In other words, there are several ways in which the law recognizes that a defendant can be found guilty of a criminal act perpetrated by another person, and it is not necessary that you find

that the defendant was even actually present where and when the crime was committed.

## JURY INSTRUCTION NO. 38

## VICARIOUS GUILT

Willfully Causing an Act to be Done

A defendant is responsible for an act that he willfully causes to be done if the act would be criminal if performed by him directly or by another.  To cause an act to be done means to bring it about. You may convict the defendant of the offense charged if you find that the government has proven beyond a reasonable doubt each essential element of the offense and that the defendant willfully caused such an act to be done by another, with the intent to commit the crime.

Aiding and Abetting

Any person who in some way intentionally participates in the commission of a crime aids and abets the principal offender. The law regards him as guilty of the crime as he would be if he had personally committed each of the acts that make up the crime. To find a defendant aided and abetted in committing a crime, you must find that the defendant knowingly associated himself with the person or persons who committed the crime, that he participated in the crime as something he wished to bring about, and that he intended by his actions to make it succeed. Some affirmative conduct by the defendant is necessary.  Mere physical presence by the defendant at the place and time the crime is committed is not by itself sufficient to establish his guilt, unless his presence is intended to help the principal offender and, in fact, does help him.  It is not necessary that you find that the defendant was actually present when the crime was committed.

The government is not required to prove that anyone discussed or agreed upon a

specific time or method of committing the crime.  The government is not required to prove that the crime was committed in the particular way planned or agreed upon.  Nor does the government need to prove that the principal offender and the person alleged to be the aider and abettor directly communicated with each other. And it is not necessary that all the people who committed the crime be caught or identified.

An aider and abettor is legally responsible for the acts of other persons that are the natural and probable consequence of the crime in which he intentionally participates.  For example, an aider and abettor is legally responsible for the principal's use of a weapon during an offense if the aider and abettor had actual knowledge that some type of weapon would be used or if it was reasonably foreseeable to the aider and abettor that some type of weapon was required to commit the offense. It is sufficient to find a defendant guilty if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted the principal offender or offenders in committing the crime.

## JURY INSTRUCTION NO. 39

## PRELIMINARY FACTS

The law requires that the jury make findings of certain preliminary facts that must precede a finding of the ultimate fact of any defendant's guilt of any charge. Some of those preliminary facts must be made a matter of record on the verdict form. Others need not be recorded, but all of you must, nevertheless, be convinced beyond a reasonable doubt that they have been proved by the evidence in order to return a verdict of guilt of a particular defendant. Otherwise, your verdict must be not guilty as to that defendant. In other words, your findings with respect to preliminary facts, although not recorded, must be unanimous.

The facts that you must find, but need not record, are known as elements. They refer to the component parts of a particular substantive crime. For example, if a defendant is charged with possession of a controlled substance with the intent to distribute it, to find him guilty you must all be agreed that the evidence proves beyond a reasonable doubt that the defendant possessed something, as the term "possessed" was defined to you, and that what was possessed was, in fact, a controlled substance; that at the time the defendant possessed it, he knew it to be a controlled substance; and that he intended to distribute it; that is, to transfer possession of all or part of it to someone else for whatever reason. In addition, with respect to the narcotics conspiracy charged in Count 1 or 3, *if you find that such a conspiracy existed, you will have to make and record findings as to whether the quantity of any controlled substances involved met or exceeded the amounts thereof charged.*

## II.    CRIMES CHARGED IN INDICTMENT

## JURY INSTRUCTION NO. 40

## CONSPIRACY TO IMPORT FIVE KILOGRAMS OR MORE OF COCAINE INTO THE UNITED STATES
### 21. U.S.C. § 952, 960, 963

### (Counts 1 & 3)

I will now instruct you on Counts 1 and 3, which charge Jorge Aguilar Garcia with Conspiracy to Import Five Kilograms or More of Cocaine into the United States. I will explain to you the particular elements of the crime charged in the indictment. Count One of the indictment charges, in pertinent part, that from on or about July 2005 and continuing thereafter to and including November 16, 2005 (Count 1) and from on or about August 1, 2005 and continuing thereafter to and including November 20, 2005 (Count 3), in Guatemala and elsewhere, the defendant, Jorge Aguilar Garcia, and others known and unknown to the grand jury and some not indicted herein, did knowingly and intentionally combine, conspire, confederate, and agree to knowingly and intentionally import five kilograms or more of a mixture and substance containing a detectable amount of a cocaine, a Schedule II controlled substance, in to the United States from Guatemala, Mexico, and elsewhere, in violation of Title 21, United States Code Sections 952, 960 and 963. A conspiracy to commit a crime is itself a crime. This is so because the essence of the offense of conspiracy is an unlawful agreement or understanding between two or more people to violate some law or laws, and it is against the law to agree with someone else to commit a crime, even if the crime itself was never completed.

The law against conspiracies reflects the fact that criminal activity is more likely to be successful when it engages the efforts of more than one person. Because the crime of conspiracy is an entirely separate and different offense from the underlying crimes that are the

conspiracy's purpose, you may find a defendant guilty of the crime of conspiracy to commit a crime even if that underlying crime was never committed.  A conspiracy is simply a combination of two or more persons to accomplish an unlawful purpose. It is a partnership in crime.

Specifically, for you to find a defendant guilty of conspiracy, the government must prove each of the following elements beyond a reasonable doubt:

First, that from on or about July 2005 and continuing thereafter until and including November 17, 2005 (Count 1) and from on or about August 1, 2005 and continuing thereafter until and including November 20, 2005 (Count 3) an agreement existed between at least two people (including defendant) to commit a federal crime, namely to knowingly and intentionally combine, conspire, confederate, and agree to knowingly and intentionally import five kilograms or more of a mixture and substance containing a detectable amount of a cocaine, a Schedule II controlled substance, in to the United States from Guatemala, Mexico, and elsewhere.

The agreement does not have to be in writing, or even to be an express or formal plan in which everyone who was involved sat down together and worked out all the details. The agreement may be very informal, and existence of such an agreement may have to be inferred from the circumstances and conduct of the parties, because conspiracies ordinarily are characterized by secrecy.  But the government must prove beyond a reasonable doubt that there was a common understanding among those who were involved to commit a crime. So, the first thing that must be shown is the existence of an agreement.

It is not essential that the government prove that the conspiracy began or ended on the specific dates set forth in the indictment or that the conspiracy was in existence for any particular length of time. The government is required to prove beyond a reasonable doubt,

however, that the conspiracy charged existed in fact for some time within the period set forth in

the indictment, from on or about July 2005 until November 17, 2005 (Count 1), and from on or

about August 1, 2005 until November 20, 2005 (Count 3), and continuing within the period of

the applicable statute of limitations which I will discuss next.

The second element of he offense, which the government must prove beyond a

reasonable doubt, is that defendant knowingly and willfully participated in the conspiracy and

did so with the specific intent to import five kilograms or more of a mixture and substance

containing a detectable amount of a cocaine, a Schedule II controlled substance, in to the United

States from Guatemala, Mexico, and elsewhere.  The government must show the particular

defendant's membership in the conspiracy.  That defendant need not know the identities or the

number of all the other members of the conspiracy, nor all of the details of the conspiracy, nor

the means by which its purposes were to be accomplished.  Each member of the conspiracy may

perform separate and distinct acts.  It is necessary, however, that the government prove beyond a

reasonable doubt that a particular defendant was aware of the common purpose, had knowledge

that the conspiracy existed, and was a willing participant with the intent to advance the purposes

of the conspiracy.

An act is done willfully if it's done knowingly, intentionally, and deliberately. In

other words, before you may find that a defendant has become a member of a conspiracy, the

evidence in the case must prove to you beyond a reasonable doubt that the defendant knowingly

participated in the unlawful plan with the intent to advance or further some objective or purpose

of the conspiracy.  To participate knowingly means to do so voluntarily and intentionally, and

with the specific intent to do something that is against the law, and not because of mistake,

inadvertence, or accident. Although one may become a member of a conspiracy without full

knowledge of all the details, a person who has no knowledge of or intent to join the conspiracy, but just happens to act in a way that is of benefit to the conspiracy, or to a conspirator, does not thereby himself become a conspirator. Evidence of friendship or association, or even familial relationship with alleged conspirators, without evidence of knowing participation does not permit an inference of guilt.

It is not necessary that the government prove that a defendant was a member of the conspiracy from its beginning. Different persons may become members of the conspiracy at different times. One who knowingly joins an existing conspiracy is charged with the same blame or culpability as though he had been one of the original members of the conspiracy. And you are reminded that it is not necessary in order to convict a defendant of a charge of conspiracy that the objectives or purposes of the conspiracy were achieved or accomplished. The ultimate success or failure of the conspiracy is irrelevant. You must, of course, first determine whether the government has proved beyond a reasonable doubt that the conspiracy existed.

What you must determine is whether the individual conspiracies as charged in Counts 1 and 3 existed between two or more conspirators. If you find that no such conspiracy existed, you must acquit the defendant of this charge. If, however, you find that the government has proven beyond a reasonable doubt that the defendant was involved at any point during the period charged in the indictment in an integrated, ongoing, common effort to import cocaine into the United States, then you may find him guilty of the single conspiracy charged in Count One and/or the single conspiracy charged in Count Three.

In making this determination, you should consider whether the conspirators share a common goal, such as to possess and distribute narcotics for profit; to enrich the members of the conspiracy; to create, maintain and control a market place for the distribution of controlled

substances; to enforce discipline among members of the conspiracy; to collect monies owed to

members of the conspiracy; to protect the conspiracy and its members from detection,

apprehension and prosecution by law enforcement; to prevent and retaliate against acts of

violence perpetrated against members of the conspiracy; and to promote and enhance the

reputation and standing of the conspiracy and its members. You may also consider the extent to

which members of the conspiracy depended on one another to accomplish the goal of narcotics

distribution, the overlap of participants in the various operations of the conspiracy, and the

quality, frequency, and duration of each conspirator's transactions.

You also may consider even non-criminal acts and the statements of any other

member of the alleged conspiracy during and in furtherance of the conspiracy as evidence

against a defendant whom you have found to be a member of it.  When people enter into a

conspiracy, and thus act as agents for each other, the acts or statements of one conspirator during

the existence of the conspiracy are considered the acts or statements of all the other conspirators

and can be regarded as evidence against them all.

<u>Drug Quantity</u>

Finally, as I told you earlier, the government is required to prove beyond a

reasonable doubt, with respect to defendant if found guilty of Counts 1 or 3, a threshold amount,

if any, of controlled substances involved in the conspiracy and the amount, if any is so alleged,

of controlled substances for which the defendant is responsible.  On these issues, you will have

to record your findings. First, with respect to each defendant you must unanimously agree that

cocaine, a Schedule II controlled substance, was involved in the conspiracy.

Second, with respect to the defendant if you return a guilty verdict on Count 1

or 3, you must make a determination as to the quantity, if any, of the controlled substance for

which he is responsible. You will be asked to complete a verdict form specifying whether the government has proven beyond a reasonable doubt whether a mixture or substance containing cocaine, a Schedule II controlled substance, exceeded a specified quantity, expressed in kilograms and grams cocaine; that you have found that defendant conspired to import into the United States, or could have reasonably foreseen the importation of into the United States.  Specifically, the verdict form will ask you to decide whether the amount of cocaine was:

1.      5 kilograms or more of a mixture or substance containing a detectable amount of cocaine.  If you are unable to find unanimously that the amount of cocaine exceeded 5 kilograms, then you should consider whether the drug quantity was:

2.      More than 500 grams but less than 5 kilograms of a mixture and substance containing a detectable amount of cocaine.  If you are unable to find unanimously that the quantity of cocaine exceeded 500 grams but was less than 5 kilograms, then you should consider whether the drug quantity was:

3.      Less than 500 grams of a mixture and substance containing a detectable amount of cocaine.

Your decision whether one of these three drug quantity ranges has been proven beyond a reasonable doubt must be unanimous. In determining quantity, you must determine the total weight of any mixture and substance that contains a detectable amount of cocaine.  It is the entire weight of the mixture and substance that controls your determination.

In making the determination of drug quantities, you are instructed that defendant is responsible for those drugs that he conspired to import into the United States, and those drug amounts which other coconspirators conspired to import, which the defendant reasonably could

have foreseen would be imported in furtherance of the conspiracy. In other words, a defendant is responsible for not only his own actions but also for those of his coconspirators if those actions were known or reasonably foreseeable to the defendant. Thus, for example, you may count for purposes of this element amounts of cocaine that the defendant could reasonably foresee would be imported by all of his coconspirators during the course of the conspiracy. In calculating drug quantities, you may rely on direct as well as circumstantial evidence, and you may rely on the testimony of any witness on this issue. I further instruct you that the government is not required to have seized or physically produced the controlled substances.

To assist you in determining whether there was an agreement or understanding to import 5 kilograms or more of cocaine into the United States, you are advised that the elements of the offense of importing cocaine into the United States are:

First, that the defendant brought into the United States from a place outside the United States a substance, which in fact was cocaine

Second, that the defendant knew the substance he was bringing into the United States was a controlled substance;

Third, that the defendant knew that the substance would enter the United States.

Keep in mind that the indictment charges a conspiracy to import 5 kilograms or more into the United States and not that the offense was actually committed.

JURY INSTRUCTION NO. 41

**CONSPIRACY TO DISTRIBUTE 5 KILOGRAMS OF COCAINE
KNOWING AND INTENDING THAT THE COCAINE WOULD
BE IMPORTED INTO THE UNITED STATES
21 U.S.C. § 959, 960, 963**

**Counts 2 and 4**

I will now instruct you on Counts 2 and 4, which charge Jorge Aguilar Garcia with Conspiracy to Distribute Five Kilograms or More of Cocaine knowing and intending that the cocaine would be imported into the United States. I will explain to you the particular elements of the crimes charged in the indictment. The indictment charges, in pertinent part, that from on or about July 2005 and continuing thereafter to and including November 16, 2005 (Count 2) and from on or about August 1, 2005 and continuing thereafter to and including November 20, 2005 (Count 4), in Guatemala and elsewhere, the defendant, Jorge Aguilar Garcia, and others known and unknown to the grand jury and some not indicted herein, did knowingly and intentionally combine, conspire, confederate, and agree to distribute five kilograms or more of cocaine knowing and intending that the cocaine would be imported into the United States from Guatemala, Mexico, and elsewhere, in violation of Title 21, United States Code Sections 959, 960 and 963. A conspiracy to commit a crime is itself a crime. This is so because the essence of the offense of conspiracy is an unlawful agreement or understanding between two or more people to violate some law or laws, and it is against the law to agree with someone else to commit a crime, even if the crime itself was never completed.

The law against conspiracies reflects the fact that criminal activity is more likely to be successful when it engages the efforts of more than one person. Because the crime of conspiracy is an entirely separate and different offense from the underlying crimes that are the

conspiracy's purpose, you may find a defendant guilty of the crime of conspiracy to commit a crime even if that underlying crime was never committed. A conspiracy is simply a combination of two or more persons to accomplish an unlawful purpose. It is a partnership in crime.

Returning to the subject of Counts 2 and 4, you must consider separately the issue of defendant's participation. Specifically, for you to find a defendant guilty of conspiracy, the government must prove each of the following elements beyond a reasonable doubt:

First, that from on or about July 2005 and continuing thereafter until and including November 17, 2005 (Count 2) and from on or about August 1, 2005 and continuing thereafter until and including November 20, 2005 (Count 4) an agreement existed between at least two people (including defendant) to commit a federal crime, namely to knowingly and intentionally combine, conspire, confederate, and agree to distribute 5 kilograms or more of cocaine knowing and intending that the cocaine would be imported into the United States from Guatemala, Mexico, and elsewhere.

The agreement does not have to be in writing, or even to be an express or formal plan in which everyone who was involved sat down together and worked out all the details. The agreement may be very informal, and existence of such an agreement may have to be inferred from the circumstances and conduct of the parties, because conspiracies ordinarily are characterized by secrecy. But the government must prove beyond a reasonable doubt that there was a common understanding among those who were involved to commit a crime. So, the first thing that must be shown is the existence of an agreement.

It is not essential that the government prove that the conspiracy began or ended on the specific dates set forth in the indictment or that the conspiracy was in existence for any particular length of time. The government is required to prove beyond a reasonable doubt,

however, that the conspiracy charged existed in fact for some time within the period set forth in

the indictment, sometime in July 2005 until November 17, 2005, and continuing within the

period of the applicable statute of limitations which I will discuss next.

The second element of he offense, which the government must prove beyond a

reasonable doubt, is that defendant knowingly and willfully participated in the conspiracy and

did so with the specific intent to distribute five kilograms or more of a mixture and substance

containing a detectable amount of a cocaine, a Schedule II controlled substance, with the

knowledge and intent that it would be imported into the United States from Guatemala, Mexico,

and elsewhere.  The government must show the particular defendant's membership in the

conspiracy.  That defendant need not know the identities or the number of all the other members

of the conspiracy, nor all of the details of the conspiracy, nor the means by which its purposes

were to be accomplished. Each member of the conspiracy may perform separate and distinct acts.

It is necessary, however, that the government prove beyond a reasonable doubt that a particular

defendant was aware of the common purpose, had knowledge that the conspiracy existed, and

was a willing participant with the intent to advance the purposes of the conspiracy.

An act is done willfully if it's done knowingly, intentionally, and deliberately. In

other words, before you may find that a defendant has become a member of a conspiracy, the

evidence in the case must prove to you beyond a reasonable doubt that the defendant knowingly

participated in the unlawful plan with the intent to advance or further some objective or purpose

of the conspiracy.  To participate knowingly means to do so voluntarily and intentionally, and

with the specific intent to do something that is against the law, and not because of mistake,

inadvertence, or accident. Although one may become a member of a conspiracy without full

knowledge of all the details, a person who has  no knowledge of or intent to join the conspiracy,

but just happens to act in a way that is of benefit to the conspiracy, or to a conspirator, does not thereby himself become a conspirator. Evidence of friendship or association, or even familial relationship with alleged conspirators, without evidence of knowing participation does not permit an inference of guilt.

It is not necessary that the government prove that a defendant was a member of the conspiracy from its beginning. Different persons may become members of the conspiracy at different times. One who knowingly joins an existing conspiracy is charged with the same blame or culpability as though he had been one of the original members of the conspiracy. And you are reminded that it is not necessary in order to convict a defendant of a charge of conspiracy that the objectives or purposes of the conspiracy were achieved or accomplished. The ultimate success or failure of the conspiracy is irrelevant. You must, of course, first determine whether the government has proved beyond a reasonable doubt that the conspiracy existed.

What you must determine is whether the individual conspiracies as charged in Count 2 and Count 4 existed between two or more conspirators. If you find that no such conspiracy existed, you must acquit the defendant of this charge. If, however, you find that the government has proven beyond a reasonable doubt that the defendant was involved at any point during the period charged in the indictment in an integrated, ongoing, common effort to distribute controlled substances knowing and intending that they would be imported into the United States, then you may find them guilty of the single conspiracy charged in Count One.

In making this determination, you should consider whether the conspirators share a common goal, such as to possess and distribute narcotics for profit; to enrich the members of the conspiracy; to create, maintain and control a market place for the distribution of controlled substances; to enforce discipline among members of the conspiracy; to collect monies owed to

66

members of the conspiracy; to protect the conspiracy and its members from detection, apprehension and prosecution by law enforcement; to prevent and retaliate against acts of violence perpetrated against members of the conspiracy; and to promote and enhance the reputation and standing of the conspiracy and its members. You may also consider the extent to which members of the conspiracy depended on one another to accomplish the goal of narcotics distribution, the overlap of participants in the various operations of the conspiracy, and the quality, frequency, and duration of each conspirator's transactions.

You also may consider even non-criminal acts and the statements of any other member of the alleged conspiracy during and in furtherance of the conspiracy as evidence against a defendant whom you have found to be a member of it. When people enter into a conspiracy, and thus act as agents for each other, the acts or statements of one conspirator during the existence of the conspiracy are considered the acts or statements of all the other conspirators and can be regarded as evidence against them all.

<u>Drug Quantity</u>

Finally, as I told you earlier, the government is required to prove beyond a reasonable doubt a threshold amount, if any, of controlled substances involved in the conspiracy and the amount, if any is so alleged, of controlled substances for which each defendant is responsible. On these issues, you will have to record your findings. First, with respect to each defendant you must unanimously agree that cocaine, a Schedule II controlled substance, was involved in the conspiracy.

Second, with respect to defendant if you return a guilty verdict on Counts 2 or 4, you must make a determination as to the quantity, if any, of the controlled substance for which each defendant is responsible. You will be asked to complete a verdict form

specifying whether the government has proven beyond a reasonable doubt whether a mixture or substance containing cocaine, a Schedule II controlled substance, exceeded a specified quantity, expressed in kilograms and grams cocaine; that you have found that defendant conspired to import into the United States, or could have reasonably foreseen the importation of into the United States. Specifically, the verdict form will ask you to decide whether the amount of cocaine was:

1.      5 kilograms or more of a mixture or substance containing a detectable amount of cocaine. If you are unable to find unanimously that the amount of cocaine exceeded 5 kilograms, then you should consider whether the drug quantity was:

2.      More than 500 grams but less than 5 kilograms of a mixture and substance containing a detectable amount of cocaine. If you are unable to find unanimously that the quantity of cocaine exceeded 500 grams but was less than 5 kilograms, then you should consider whether the drug quantity was:

3.      Less than 500 grams of a mixture and substance containing a detectable amount of cocaine.

Your decision whether one of these three drug quantity ranges has been proven beyond a reasonable doubt must be unanimous. In determining quantity, you must determine the total weight of any mixture and substance that contains a detectable amount of cocaine. It is the entire weight of the mixture and substance that controls your determination.

In making the determination of drug quantities for each defendant, you are instructed that a defendant is responsible for those drugs that he agreed would be distributed knowing and intending that they would be imported in to the United States, and those drug amounts which other coconspirators agreed to distribute knowing and intending they would be

imported into the United States and which the defendant reasonably could have foreseen would be distributed in furtherance of the conspiracy. In other words, a defendant is responsible for not only his own actions but also for those of his coconspirators if those actions were known or reasonably foreseeable to the defendant. Thus, for example, you may count for purposes of this element amounts of cocaine that the defendant could reasonably foresee would be distributed knowing and intending that it would be imported into the United States by all of his coconspirators during the course of the conspiracy. In calculating drug quantities, you may rely on direct as well as circumstantial evidence, and you may rely on the testimony of any witness on this issue. I further instruct you that the government is not required to have seized or physically produced the controlled substances.

To assist you in determining whether there was an agreement or understanding to distribute 5 kilograms or more of cocaine knowing and intending that it would be imported into the United States, you are advised that the elements of the offense of distribution or cocaine are:

First, the defendant distributed cocaine;

Second, the defendant did so knowingly or intentionally; and,

Third, the defendant knew the substance was a controlled substance.

Keep in mind that the indictment charges a conspiracy to distribute 5 kilograms or more of cocaine knowing and intending that it would be imported into the United States and not that the offense was actually committed.

## JURY INSTRUCTION NO. 42

## DEFENDANTS' THEORIES OF THE CASE

[Defendant Aguilar reserves the right to submit a specific theory of the case to the Court prior to final instructions.]

I charge you that you should consider defendant's theory of the case with respect to each count in the indictment. If the defendant's theory of the case causes you to have a reasonable doubt as to any or all counts charged against that defendant, then you must return a verdict of not guilty on that count or counts.  If, however, having considered all the evidence in the case and the instructions on the law, you are satisfied that the guilt of the defendant has been proven beyond a reasonable doubt with respect to any count or counts, then it is your duty to return a verdict of guilty with respect to that count or counts.

**III. SPECIAL INSTRUCTIONS**

**JURY INSTRUCTION NO. 43**

**CO-CONSPIRATOR STATEMENTS**

During the course of this trial, you have heard a number of objections to testimony based on what the witness heard somebody else say.  In some instances, out-of-court statements are considered hearsay and should be excluded.  There are, however, many exceptions to the hearsay rule. In particular, certain statements made by coconspirators are not considered hearsay at all and are competent evidence for you to consider. With respect to this evidence, it is up to you to determine whether the statement was made at all, whether it was made in furtherance of the conspiracy and what weight, if any to give the statement.

## JURY INSTRUCTION NO. 44

## TESTIMONY REGARDING PLEAS ENTERED INTO BY WITNESSES

You may have heard testimony from certain witnesses that they pled guilty to a drug conspiracy.  You may not infer that simply because these witnesses pled guilty to a drug conspiracy that the existence of the drug conspiracy charged in this case has been proven.

**JURY INSTRUCTION NO. 45**

**GUILTY PLEAS ENTERED INTO BY DEFENDANTS**

You've heard evidence that some of the defendants in this case pled guilty to certain criminal acts with which they had been charged in separate proceedings. Evidence of those guilty pleas has been introduced in the form of transcripts of court proceedings, plea agreements, or plea related documents in which the defendants admitted to the criminal conduct at issue in those cases. Each defendant's admission of his own criminal conduct in a guilty plea proceeding or plea agreement is to be considered by you only as evidence against that particular defendant. It is not evidence of the guilt of any other defendant.

**JURY INSTRUCTION NO. 46**

**SUMMARY CHARTS AND EXHIBITS**

Charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are based upon testimony and evidence and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based. It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

## JURY INSTRUCTION NO. 47

## FEDERAL SENTENCING GUIDELINES

The Federal Sentencing Guidelines provide detailed rules which the court may apply in sentencing in federal criminal cases.  In order to aid your understanding the testimony of certain witnesses and the specific provisions of their plea agreements, I will instruct you now as to some of the provisions which govern sentencing in federal criminal cases:

Federal sentencing guidelines are advisory to the court only and may be considered by the court in imposing an appropriate sentence. If the government files a motion seeking a sentencing departure pursuant to section 5K1.1 of the Guidelines on behalf of a cooperating witness, and if the judge grants such a motion,  the sentencing judge may, but is not required, to select a lower guideline range to apply at sentence the defendant without regard  to Guideline provisions which would otherwise be applicable.

Similarly, if the Government files a sentencing departure motion pursuant to the provisions of 18 U.S.C. §3553(e), supporting the substantial assistance to law enforcement provided by a cooperating defendant/witness, and the court grants such a motion, then the sentencing judge may impose a sentence below any statutory mandatory minimum sentence otherwise applicable.

## IV. JURY DELIBERATIONS

## JURY INSTRUCTION NO. 48

## ELECTION OF A FOREPERSON [2.71]

That completes my discussion of the substantive offenses. Now I want to give you a few instructions about how you will conduct yourselves as jurors. Before you begin your deliberations, there are a few general matters relating to your deliberations upon which I must instruct you. When you retire to the jury room, you will select one from among your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson before the Court in the event there is any matter about which you wish to communicate with the Court.

## JURY INSTRUCTION NO. 49

## UNANIMITY [2.72]

The verdicts must represent the considered judgment of each juror. In order to return verdicts, it is necessary that each juror agree to the verdicts. Your verdicts must be unanimous. You should feel free, however, to consider and deliberate on the count or counts against each defendant in any order that you prefer. There is no requirement that you consider the charges against a specific defendant in any particular order or, indeed, that you consider the defendants themselves in any particular order, so long as you reach a unanimous verdict on all counts as to each defendant. A verdict must represent the considered judgment of each juror. As you know, your verdict on each count must be unanimous. Each juror must agree on it. It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement if you can do so without doing violence to your own individual judgment.

Each of you must decide the case for himself or herself, but you must do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced that your opinion is erroneous. On the other hand, do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely to return a verdict. Remember at all times that you are not partisans; you are judges of the facts.

## JURY INSTRUCTION NO. 50

## EXHIBITS [2.73]

I am not sending all of the exhibits that have been received in evidence with you as you retire for your deliberations; however, you are entitled to see any or all of these exhibits as you consider your verdict. I suggest that you begin your deliberations, elect your foreperson, and then, if it would be helpful to you, you might ask for any or all of the exhibits simply by sending me a note from your foreperson to me through one of the marshals who will be outside your door during your deliberations. The exhibits that have been entered into evidence are labeled with letters and numbers. The system of labeling and numbering exhibits is simply to help the parties organize the presentation of the case. You are to attach no particular significance to the system employed to label certain exhibits with letters and numbers or the fact that some exhibits are not in sequence.

## JURY INSTRUCTION NO. 51

## COMMUNICATIONS BETWEEN COURT AND
## JURY DURING JURY'S DELIBERATIONS [2.75]

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by the marshal signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me by any means other than a signed writing from the time you begin your deliberations, and I will not communicate with any member of the jury on any subject touching on the merits of the case except in writing or orally here in open court once you begin your deliberations.

If I get a note from you, I am going to respond here in the courtroom with counsel and all parties present. Everybody is entitled once you begin your deliberations to know any communications that we have between us. Bear in mind that you are never to reveal to any person, not even to the Court, how the jury stands, numerically or otherwise, on the question of guilt or innocence of any of the defendants until after you have reached an unanimous verdict.

# JURY INSTRUCTION NO. 52

## MEDIA REPORTS

I instructed you earlier during this trial that you are to ignore any reports in the newspaper or on radio or television concerning this case. While you deliberate, there may be reports in the newspaper or on radio or television relating to this case. Again, as I instructed you earlier, please make sure you do not read, listen to, or watch any of the reports. You must decide this case solely on the evidence presented in this courtroom. You must consider only evidence that meets certain standards in reaching your verdict. For example, a witness may testify about events he himself has seen or heard, but, except as I have held to be admissible as an exception to the hearsay rule, he generally may not testify about matters that others have told him about. Also, witnesses must be sworn to tell the truth and must be subject to cross-examination. News reports about this case are not subject to these standards, and if you read, listen to, or watch these reports, you may be exposed to misleading or inaccurate information that unduly favors one side of the case and to which the other side is unable to respond. Therefore, you must completely disregard any press, television, or radio reports that you may read, see, or hear. Such reports are not evidence and you should not be influenced in any manner whatever by such publicity.

## JURY INSTRUCTION NO. 53

## VERDICT FORM [2.77]

As I indicated earlier, a form of verdict has been prepared for your convenience. You will take this form to the jury room, and, when you have reached unanimous agreement as to your verdicts as to each defendant, you will have your foreperson fill in, date, and sign the form to state the verdict upon which you unanimously agree, and then return with your verdict to the courtroom.

**JURY INSTRUCTION NO. 54**

**FURNISHING JURY WITH A COPY OF INSTRUCTIONS [2.76]**

I will provide each of you a written copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. Although you may refer to any particular portion of the instruction, you are to consider the instructions as a whole, and you may not follow some and ignore others. The fact that you have been provided with a copy of my instructions should not discourage you from making an inquiry regarding the meaning of these instructions if necessary. Please return the instructions to me when your verdict is rendered.

## JURY INSTRUCTION NO. 55

## COURT PROCEEDINGS DURING DELIBERATIONS

I do like to talk a little bit about how court will convene while you deliberate. First, during the period of deliberations, we will convene in court each day the same way we have, generally Monday through Thursday, 9:00 to 5.  You will deliberate at your pace, you decide how much time it takes you to fairly and  impartially consider each of the counts that you will be presented on the verdict form. The verdict form is relatively short, but I'll warn you up front that there are several instances where you have to make specific findings of either proven or not proven, and all those will be places on the form as well as forms where the foreperson will fill in either guilty or not guilty as to each of the counts in the indictment, and there will be some places where you have to fill in your findings on amounts of drugs involved as well, as I told you in the instructions.  So I expect it will take you some time to fairly and impartially arrive at a fair verdict in this case.

During the course of that time, we will convene each day at 9:00 and close at 5.  I won't reconvene in the courtroom with everyone present unless I have a note from you that I need to respond to. Most of the time, you will be able to begin your deliberations here and then stop at 5 o'clock. You cannot, however, have any deliberation whatsoever or any discussion of the case unless all twelve of you are present.  You can't have any separate discussion or deliberations unless all twelve are present. Once all twelve are present, then your foreperson can say, we can begin the discussions. And at the end of the day when your foreperson says you're going to stop for the day, again, you can't have any discussion unless all twelve of you are present.  That's the only rule you really have to follow during the time of your deliberations. As I said, during the time of your deliberations, if I have a note from you, I'll respond, but I will give

counsel an opportunity to comment on what my response will be before I respond. So sometimes

there may be some delay in responding to your note until I get all counsel here and have a

hearing on what I should say to you because they're entitled to know what I am going to say.

## JURY INSTRUCTION NO. 56

## TAKING THE VERDICT

I would like to talk about one other subject now, and that is when you return to the courtroom with your verdict, the foreperson will bring the verdict form into the courtroom with you.  The marshal, when I ask for it, will take the verdict form from the foreperson and hand it to the deputy clerk. The deputy clerk will then do what we call publish the verdict.  The deputy clerk will read out loud the verdict that you have entered. Now, I gave you an instruction in here that you can return a verdict as to any defendant and as to any count any time you decide you want to return a verdict if unanimous. It's up to you how you want to go through that.  But at any point when you have returned a verdict, either full or partial, the verdict would be announced in open court by the deputy clerk reading it. At that point, just so you know how it works, the clerk will say to the foreman, is that the verdict as just announced?  Hopefully you will all say yes.

Any party can ask that the jury be polled on the verdict as just announced.  If there is a request for a poll, I then direct the clerk to poll the jury.  The clerk then says, do each of you agree with the verdict as just announced and will say Juror Number 1.  Hopefully Juror Number 1 will say yes, and then the clerk will say, Juror Number 2.  We just go all  down the line until all twelve jurors have been polled.  Hopefully all twelve will say yes. If anyone says no, my job is easy.  We don't have a unanimous verdict and I ask you to retire to the jury room and come back when you have a unanimous verdict. That's all polling the jury is, though, just so you know how the process works when you come back. Let me see counsel at the bench now to see if there are any other matters we need to cover.

**JURY INSTRUCTION 57**

**ALTERNATE JURORS**

While you alternate jurors will not begin deliberations with the 12 regular jurors, it is possible that one or more of you could be called to deliberate at some future time. Because that possibility exists, you are instructed that you should continue to follow my instruction not to discuss this case with anyone at any time. The Court will notify you when the jury has completed its deliberations. When that occurs, your jury service will be discharged and you will be free to discuss the case.