UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO. 05-404** |
| | : | |
| **v.** | : | |
| | : | |
| **JORGE AGUILAR** | : | |

**MOTION TO ALLOW WITNESS TO USE PSEUDONYM**

**COMES NOW** the United States of America, by and through the undersigned attorneys, and respectfully submits the following motion requesting that, because of security concerns, the Court permit a government witness to testify using a pseudonym instead of the witness' given name. In support thereof, the Government states the following:

FACTS

The government expects to call an informant to testify in this case. The informant has worked on several dozen cases over 10 years for the Drug Enforcement Administration. In each instance, the informant has worked undercover, without revealing his true identity. The informant continues to work for the DEA in several current investigations, also undercover.

The government is revealing the informant's true name to the defendant, through counsel. However, the government also expects press coverage of this trial from Central America. Many of the informant's past and current investigations involve events in South and Central America. Press reports of the informant's true name, obtained from trial testimony, would heighten security risks for the informant and his family.

ARGUMENT

The Confrontation Clause of the Sixth Amendment to the U.S. Constitution was meant to protect against the use of anonymous accusers; individuals who signed declarations, did not attend trial, did not swear to the truth of their statements, and did not face the trier of fact or the defendant.  See California v. Green, 399 U.S. 149, 156 (1970).

In the instant case, nondisclosure of the witness' given name in open court does little harm to the privileges guaranteed by the Confrontation Clause.  The accused will still have the opportunity to physically confront the witness against her.  He will have opportunity for cross-examination, and the trier of fact will have the opportunity to assess the demeanor and credibility of the witness.  In addition,  the witness will give testimony under oath, subject to the penalty of perjury.

Federal courts, under appropriate circumstances, including safety concerns of the witness and their families, have permitted government witnesses to testify using pseudonyms.  See Clark v. Ricketts, 958 F. 2d 851, 855 (9th Cir. 1991) (no Confrontation Clause violation to deny the accused the opportunity to elicit, on cross-examination, the name and address of the government's witness, where witness' name was disclosed to defendant before testifying and, therefore, had sufficient opportunity to conduct investigation and cross examination).

The Ninth Circuit affirmed the district court's refusal to allow defendant to elicit witness' correct name, residence, and occupation because of potential harm to the witness in United States v. Ellis, 468 F.2d 638 (9th Cir. 1972).  The Eastern District of Pennsylvania held that the Confrontation Clause does not require an undercover narcotics agent's revelation of his true identity in open court... **"not permitting use of his true name during trial has [in our view] no constitutional significance." (emphasis added)** United States v. Fuentes, 988 F. Supp. 861

8

(E.D. Pa. 1977).

These courts have generally required limited disclosure of the witness' identities to the necessary members of the defense teams to allow for cross-examination sufficient to comply with the Confrontation Clause, but hold that "there is no absolute right of an accused to have a jury hear a witness' true name and address." See Clark, 958 F.2d 851, 855 (holding that Smith v. Illinois does not establish a rigid rule of disclosure).

The defendant would suffer no prejudice if the informant testified under a pseudonym because he would, in fact, know the informant's true name. The use of a pseudonym, however, also would insulate the informant from complete public disclosure without depriving the defendant of his right of confrontation.

## CONCLUSION

For all the foregoing, the government respectfully requests that this Court allow the government witness noted in this motion to testify using a pseudonym.

Respectfully submitted,

KENNETH BLANCO
Chief
Narcotic and Dangerous Drug Section
U.S.Department of Justice
1400 New York Avenune, NW
Washington, D.C.  20005

by: _____
    Michael Mota
    Paul Laymon
    Trial Attorneys
    U.S. Department of Justice
    Washington, D.C.
    202-514-5540