UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES : | |
| : | Criminal No. Cr-05-404 (RMC) |
| v. : | |
| : | |
| JORGE AGUILAR : | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TRANSCRIPTS AND AUDIO RECORDING OF NOVEMBER 7, 2005 MEETING**

Defendant Jorge Aguilar ("Aguilar"), by and through undersigned counsel, hereby moves in limine for an Order precluding the government from using at trial the audio portion or transcripts of the audio portion of a meeting that took place on November 7, 2005, where in the government alleges Defendant was present. In support of this Motion, Defendant states as follows:

1. During discovery, the government provided the defense with seven compact discs[1] containing an audio/video recording of a meeting that took place on November 7, 2005, supposedly involving Mr. Aguilar, co-defendant Castillo and two government informants. The audio portion of the recording is of very poor quality and the defense has had great difficulty listening to it and trying to decipher what is being said. Additionally, the participants at the meeting spoke in Spanish and although defense counsel and Mr. Aguilar are fluent in Spanish, both had a very difficult time understanding what was being said.

2. Counsel requested of the government a better quality recording and has been advised that one does not exist. On August 14, 2006, the government provided the defense with a draft English language transcript of the entire meeting.[2] (See Ex. 1). On August 15,

---

[1] The seven discs contain the entire meeting and have been split in thirteen minute sections for ease of use.
[2] The government also belatedly provided transcripts of other meetings and calls. The defense has not completed reviewing those and reserves the right to object to their use if such a need becomes apparent.

2006, the government provided the defense with Spanish language excerpts of the meeting. (See Ex. 2). At a meeting on August 16, 2006, the government advised the defense that the complete English transcript had been prepared in the following manner: an interpreter translated from Spanish to English; then an informant involved in the meeting listened to the original recording and, along with a case agent who was not present at the meeting, filled in parts that the interpreter could not complete. The entire process lasted about a week and involved listening to the recording many times. The government further advised counsel that it was very difficult to determine who was speaking and that many statements were unintelligible.

3. Mr. Aguilar objects to the government's use of the transcripts of the November 7, 2006, meeting for the simple reason that the audio portion of the meetings are mostly unintelligible, making the transcripts unreliable. Although the informant who was present at the meeting took part in creating the transcripts, the transcripts appear to have been created by a committee that included the case agent and an interpreter. Finally, the conversations were in Spanish making the English version transcripts are further removed from the original.

4. "The principal risk of indiscriminately permitting the use of transcripts by jurors is that in the case of a poor quality or unintelligible recording, the jurors may substitute the contents of the more accessible, printed dialogue for the sounds they cannot readily hear or distinguish on the tape and, in so doing, transform the transcript into independent evidence of the recorded statements." United States v. Holton, 116 F.3d 1536, 1540 (D.C. Cir. 1997) (citing See United States v. Howard, 80 F.3d 1194, 1198 (7th Cir.1996); United States v. Strothers, 77 F.3d 1389, 1392-93 (D.C. Cir.), cert. denied, 519 U.S. 956 (1996).

5. In Holton, the Circuit Court noted that it has "approved of two alternative

methods to ensure that a transcript is a sufficiently accurate rendition of the conversation recorded on tape to be used by the jury as a listening aid during trial and a third procedure to be used when the accuracy of the transcript has not been verified." Id. at 1541. "In a criminal case, the preferred approach is for the prosecution and defense to stipulate as to the accuracy of the transcript. If the parties cannot agree, however, the trial court can make a pretrial determination of accuracy after comparing the proposed transcript against the tapes or provide the jury with one transcript reflecting the prosecution's interpretation of the recording and one version reflecting the defendant's interpretation." Id.

      6.     In this case, the government has provided transcripts of the meeting one week before trial. As a result, the defense has not had an opportunity to completely review the transcript versus the audio/video disc. The defense objects to the use of the audio because of its poor quality and to the transcript because it was created by at least two individuals who were not present and a third, the informant, who apparently relied on his memory of the long ago meeting to decipher the audio.

      7.     There is a great risk that the jury would rely on the transcript rather than what they hear for two reasons: a) the poor quality of the recording; and 2) the original conversation was in Spanish. "Ironically, the same circumstances that make a transcript helpful to a juror may prejudice the defendant if is presented without proper safeguards, for the only transcripts worth fighting about are those on which important words may be susceptible to different interpretations." Holton, 116 F.3d at 1540.

**WHEREFORE**, for the foregoing reasons and any that may become apparent to the Court, Defendant respectfully requests that the Court preclude the government from using either the audio portion of the November 7, 2005, meeting or its transcript of that meeting.

Dated: Washington, DC
      August 16, 2006

Respectfully submitted,

**LAW OFFICE OF A. EDUARDO BALAREZO**

By: _____
A. Eduardo Balarezo (Bar # 462659)
400 Fifth Street, NW
Suite 300
Washington, DC  20001

*Attorney for Defendant Jorge Aguilar*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of August 2006, I caused a true and correct copy of the foregoing Defendant's Motion in Limine to Exclude Transcripts and Audio Recordings of November 7, 2005 Meeting to be delivered via Electronic Case Filing to the parties in this case.

_____
A. Eduardo Balarezo