UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** : | |
| : | Case No. 05-CR-404(2) (RMC) |
| *v.* : | |
| : | |
| **JORGE AGUILAR** : | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S
MOTION FOR CONTINUANCE**

Defendant, Jorge Aguilar ("Aguilar"), by and through undersigned counsel, respectfully submits his opposition to the government's Motion for Continuance and states as follows:

1. The government has moved to continue the trial in this case and lays the blame for the necessity of the filing at the defense's feet. The government's motion is without merit and should be denied.

2. First, the government blames the defense for contributing to some confusion concerning the trial date and provides a laundry list of dates on which the defense sought continuances. While it may be true that the defense did inquire about a continuance as a result of a need to conduct further investigation and scheduling conflicts, at no time did the defense formally move for a continuance nor inform the government that it would not be ready by August 21, the long-standing trial date. In fact, on August 2, 2006, in response to a government inquiry whether counsel had filed a motion to continue, counsel responded via e-mail: "no, I have not filed a written motion yet. The problem we are having is that Chashawn has not told me whether the 9/25 is going to open up -- I have another case with J. Collyer that is scheduled for trial then, but which it is expected that most if not all will plead out. Otherwise, I

will be unavailable until next year - and neither the judge nor my client want to wait that long. If there is no other solution, I will have to go on 8/21 make the best of it. I have written Chashawn separately to see if I can get an answer as to whether 9/25 looks possible." Additionally, on August 6, 2006, counsel e-mailed the government and told them in no uncertain terms that he would be ready for trial on August 21: "Mr. Aguilar has decided that it is not necessary for me to go to Guatemala after all and I will ready for trial on 8/21/06." Thus, there has been no confusion about whether the defense would be ready on August 21.

        3.      The government was also apparently caught off guard by the fact that Mr. Aguilar, although preparing for trial, also sought to reach a suitable plea offer. Both government prosecutors are experienced in this business and surely this is not the first time that negotiation have gone down to the wire. At not time did the defense indicate that plea negotiations meant that the trial train stopped running.

        4.      The government's real reason for seeking a continuance appears to be its desire to protect its informant as long as possible. The issue regarding the disclosure of the informant's identity has already been addressed in Mr. Aguilar's Opposition to the Government's Motion to Use Pseudonym, filed August 16, 2006. The government states that it has been "forced to choose between disclosing the informant's name to the defendant with the risk of a prolonged continuance of the trial, or disclosing the informant's name only a few days" prior to the August 21, trial date. Apparently, the government is not satisfied with this choice of its own making and "prefers" to disclose the informant's name two weeks or more before the actual trial date. If this is so, then at the very least it should have disclosed the informant's name on August 6 when it was informed that Mr. Aguilar would be ready for trial as scheduled. It is important not to lose sight of the fact that although the government is concerned with the safety

of the informant, it is Mr. Aguilar who is on trial and who will be prejudiced by a long delay.

5. The government further indicates that it is "prepared to withdraw its plea offer to codefendant Castillo." How this is relevant to Mr. Aguilar is not clear. Either the plea is withdrawn or it is not. If it is withdrawn, then Castillo can be tried with Mr. Aguilar on August 21. After all, Castillo has had as long as Mr. Aguilar to prepare for trial, notwithstanding the fact the he was negotiating a plea agreement. If the plea is not withdraw and Castillo accepts it, Mr. Aguilar's trial should not be delayed.

6. Finally, the government argues that the Court may continue the trial for a "reasonable period of delay." As has become painfully clear to all, considering the Court's schedule and that of counsel, if this case is not tried on August 21 it cannot be tried until possibly next summer. Mr. Aguilar has been detained since November 2005. The parties have had ample time to explore pleas or prepare for trial. A further delay of another year or so is not a "reasonable period of delay."

**WHEREFORE**, for the foregoing reasons and any others that may become apparent to the Court, Mr. Aguilar respectfully requests that the government's Motion for a Continuance be **DENIED**.

Dated: Washington, DC
      August 16, 2006

Respectfully submitted,

**LAW OFFICE OF A. EDUARDO BALAREZO**

By: _____
A. Eduardo Balarezo (Bar # 462659)
400 Fifth Street, NW
Suite 300
Washington, DC  20001
(202) 639-0999

*Attorney for Defendant Jorge Aguilar*

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of August 2006, I caused a true and correct copy of the foregoing Defendant Aguilar's Opposition to Government's Motion for a Continuance to be delivered to the parties in this case via Electronic Case Filing.

						_____
						A. Eduardo Balarezo