**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO.  05-404** |
| | : | |
| **v.** | : | |
| | : | |
| **JORGE AGUILAR GARCIA** | : | |

**GOVERNMENT'S MOTION TO EXCLUDE**
**PUBLIC AUTHORITY DEFENSE**

_____

**COMES NOW** the United States of America, by and through the undersigned attorneys, and moves this Court for an order excluding Defendant Jorge Aguilar Garcia from asserting a Public Authority Defense.  In support, the government alleges the following:

Defendant Aguilar has filed a notice that he intends to claim a public authority defense. That is, he argues that he cannot be found guilty because he reasonably believed that he acted lawfully.  However, no defendant may claim this defense if, in fact, the agency or authority on which he relied held no such authority.[1]

In *United States v. Baptista-Rodriguez* the court specifically addressed the public authority defense and stated: "The validity of this defense depends upon whether the government agent in fact had the authority to empower the defendant to perform the acts in question.  If the agent had no such power, then the defendant may not rest on the "public authority"; reliance on the *apparent authority* of a government official is not a defense in this circuit, because it is

_____

[1] Public authority defense is limited to those situations where government agent in fact had authority to empower defendant to perform acts in question and district court therefore did not err in refusing to give public defense instruction where unrebutted testimony was that neither customs agent had authority to empower defendant to engage in acts alleged and proven with respect to charged cocaine conspiracy.  *United States v. Pitt*, 193 F.3d 751 (3rd Cir. 1999).

deemed a mistake of law, which generally does not excuse criminal conduct."  17 F.3d 1354 at

1368 (11th Cir. 1994).  *See also United States v. Burrows*, 36 F.3d at 881 (9th Cir. 1994) ("The

validity of this defense depends upon whether the government agent in fact has the authority to

empower the defendant to perform the acts in question.  If the agent had no such power, then the

defendant may not rest on the "public authority" [defense] . . . .").

In the present case, the defendant alleges that he relied on the authority of co-defendant

Adan Castillo, the head of the SAIA, or anti-narcotics police in Guatemala.  However, there will

be no evidence at trial that Mr. Castillo held authority to carry out undercover narcotics

investigations.  Such investigations did not exist in Guatemala.

Therefore, because no lawful authority existed, the defendant should not be allowed to

raise this defense.[2]

---

[2]Even if allowed to assert this defense, courts have found that the defendant's belief must
have been reasonable.  *United States v. Burrows*, 36 F.3d 875 (9th Cir. 1994).  Therefore, if the
defendant is allowed to assert this defense in the present case, the government will be requesting
a jury instruction on the reasonableness of the defendant's belief.

Respectfully submitted,

KENNETH BLANCO
CHIEF
Narcotic and Dangerous Drug Section
1400 New York Avenue
Washington, D.C.     20005


By:     _____
_____Michael Mota
       Paul Laymon
       Trial Attorneys
       Narcotic and Dangerous Drug Section
       1400 New York Avenue
       Washington, D.C.     20005

       (202)-514-5540
       (202)-514-1286