UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES : | |
| : | Case No. 05-CR-404(2) (RMC) |
| *v.* : | |
| : | |
| JORGE AGUILAR : | |

**DEFENDANT AGUILAR'S OPPOSITION TO GOVERNMENT'S**

**MOTION FOR HEARING**

Defendant Jorge Aguilar ("Aguilar"), by and through undersigned counsel, respectfully submits this response to the Government's Motion for Hearing, filed September 1, 2006, and states as follows:

1.  The government has filed a pleading entitled "Motion for Hearing" (Document 88) wherein it requests "clarification from the Court concerning its previous order, to include a proffer from defense counsel about his disclosures. In other words, what has counsel disclosed and to whom?" In effect, the government complains about undersigned counsel's contacts with the Guatemalan press and asserts that such contacts arguably "undermine the spirit of the Court's previously-issued order."

2.  Previously, the government (on August 15, 2006) filed a Motion to Allow Witness to Use Pseudonym (Document 68) seeking the Court's leave to allow an informant to testify under a false name. In particular, the government claimed that "[p]ress reports of the informant's <u>true name</u>, obtained from trial testimony, would heighten security risks for the informant and his family." At the August 21, 2006, motions hearing the Court granted the government's motion over Mr. Aguilar's objections.

3. The two prosecutors assigned to this case have approximately thirty-five years experience between them. At no time previous to the instant motion, did they request a protective order, or in any way seek to limit any other disclosure relating to the informant by the defense. In fact, their requests have been specifically limited to seeking the non-disclosure of the informant's <u>name</u>.

4. At the August 21 motions hearing undersigned counsel specifically asked of the Court if its ruling regarding the use of a pseudonym at trial barred the defense from disclosing the informant's name during its investigations and the Court indicated that it did not.[1] Although the defense does not believe it has any obligation to disclose to the government any details regarding its investigations and contacts, in the interest of conserving judicial resources, undersigned counsel states that he did not disclose the informant's name to the press.

5. The information disclosed by undersigned counsel was that the informant: a) is an ex-military officer; b) was involved in narcotics-trafficking; 3) works for the DEA; and 4) has been paid over $500,000 for his services.[2] This is all information that will be disclosed in open court at trial and counsel has not disclosed anything that will not become public anyway.

6. The defense believes that this response should placate the government's desire to know what "counsel has disclosed and to whom" and that a hearing is not necessary. To the extent that the government seeks more information about undersigned counsel's contacts during the investigation of this case, Mr. Aguilar objects as it is an unwarranted intrusion into his constitutional rights to mount a defense unfettered by government intrusion.

---

[1] The government did not object to this request or ruling.
[2] That the informant is an ex-military officer who was involved in drug-trafficking did not identify the informant considering that such individuals are hardly rare in Guatemala, a point that the government itself will probably concede.

7.      Finally, the government has also filed a Motion for Appropriate Relief[3] (document 85) alleging that the DEA has learned that Central-American drug traffickers intend to send a "representative" to the trial in an "effort to identify the government's informant when he testifies." Considering that the press article complained of by the government was published on August 31, 2006; that the Motion for Appropriate Relief was filed on August 31, 2006; and that the motion made no mention of the article, the government cannot credibly complain that counsel's contacts with the press resulted in the drug-trafficker's attempts to identify the informant through a "representative" attending trial.

**WHEREFORE**, for all the foregoing reasons, and any others that may appear to the Court, Mr. Aguilar respectfully requests that the government's Motion for Hearing be **DENIED**.

Dated:  Washington, DC
        September 4, 2006                     Respectfully submitted,

                                              **LAW OFFICE OF A. EDUARDO BALAREZO**


                                      By:    _____
                                              A. Eduardo Balarezo (Bar # 462659)
                                              400 Fifth Street, NW
                                              Suite 300
                                              Washington, DC  20001
                                              (202) 639-0999

                                              *Attorney for Defendant Jorge Aguilar*

---

[3] The Court granted the government's motion on September 1, 2006.

3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of September 2006, I caused a true and correct copy of the foregoing Defendant Aguilar's Response to Government's Motion for Hearing to be delivered to the parties in this matter via Electronic Case Filing.

_____
A. Eduardo Balarezo