**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | **Case No. 05-CR-404(2) (RMC)** |
| *v.* | : | |
| | : | |
| **JORGE AGUILAR** | : | |

### DEFENDANT AGUILAR'S OPPOSITION TO GOVERNMENT'S MOTION TO EXCLUDE PUBLIC AUTHORITY DEFENSE

Defendant Jorge Aguilar ("Aguilar"), by and through undersigned counsel, respectfully submits this objection to the Government's Motion to Exclude Public Authority Defense, filed September 1, 2006, and states as follows:

1.      The government has filed its "Motion to Exclude Public Authority Defense" (Document 89) wherein it asserts that "there will be no evidence at trial that Mr. Castillo held authority to carry out undercover narcotics investigations. . . . .Therefore, because no lawful authority existed, the defendant should not be allowed to raise this defense." The government cites no caselaw from this Circuit, but rather relies on opinions from the Third, Ninth and Eleventh Circuits.

2.      "It is a fundamental tenet of criminal law that an honest mistake of fact negatives criminal intent, when a defendant's acts would be lawful if the facts were as he supposed them to be. A mistake of law, on the other hand, generally will not excuse the commission of an offense. A defendant's error as to his authority to engage in particular activity, if based upon a mistaken view of legal requirements (or ignorance thereof), is a mistake of law. Typically, the fact that he relied upon the erroneous advice of another is not an exculpatory circumstance. He is still deemed to have acted with a culpable state of mind." See <u>United States</u>

v. Barker, 546 F.2d 940, 947 (D.C. Cir. 1976) (attached as Exh. 1).

   3. Mr. Aguilar relies on Barker for the proposition that he is entitled to raised

the public authority defense at trial.  In Barker, defendant had been approached by Hunt, whom

it knew to be a long-time CIA agent now working for the White House.  Hunt recruited

defendant to enter an office, search for a file, photograph it and replace it.  Defendant was

subsequently indicted for the break-in and subsequently gave notice of a defense of "absence of

*mens rea* due to their reasonable reliance on apparent authority."  Id. At 944.  The trial court

prevented the defense from presenting evidence as to the "reasonableness of their belief in

Hunt's authority to engage them" in the operation and rejected the defendant's proposed jury

instruction regarding his theory of the case.  Id.  A jury returned a guilty verdict against

defendant.

   4. On appeal, defendant raised two arguments to sustain their position that

they lacked the *mens rea* required for conviction – including, that "their reasonable reliance on

Hunt's authority -- their "mistake of fact mixed with law" -- negated the element of intent which

is common to most serious criminal offenses, including conspiracy."  Defendant claimed that his

"mistake of fact" was the belief that Hunt was a duly authorized government agent; and that his

"mistake of law" was that Hunt possessed the legal prerequisites to conduct a search -- either

probable cause or a warrant.  See id. At 946.

   5. Reversing the conviction, the Circuit Court stated that "It would appear to

serve both justice and public policy in a situation where an individual acted at the behest of a

government official to allow the individual a defense based upon his reliance on the official's

authority if he can show that his reliance was objectively reasonable under the particular

circumstances of his case."  Id. At 949.

6.    In order to present such a defense and obtain an instruction, the Circuit Court stated that the defendant must show both (a) facts justifying his reasonable reliance on the official's <u>apparent</u> authority and (b) a legal theory on which to base a reasonable belief that the official possessed such authority.  <u>See id.</u> At 949 (emphasis added).  Thus, the District of Columbia Circuit has held that a defendant's objectively reasonable reliance on the apparent authority of a government official is sufficient to raise the public authority defense and for the jury to be instructed on such a defense.

7.    At trial, Mr. Aguilar will present evidence to satisfy the requirements of <u>Barker</u> and is prepared to make an *ex parte* proffer to the Court concerning the evidence he expects to rely on to support his defense.

**WHEREFORE**, for all the foregoing reasons, and any others that may appear to the Court, Mr. Aguilar respectfully requests that the government's Motion to Exclude Public Authority Defense be **DENIED**.

Dated: Washington, DC
        September 4, 2006                     Respectfully submitted,

                                              **LAW OFFICE OF A. EDUARDO BALAREZO**


                                    By:
                                        _____
                                        A. Eduardo Balarezo (Bar # 462659)
                                        400 Fifth Street, NW
                                        Suite 300
                                        Washington, DC  20001
                                        (202) 639-0999

                                        *Attorney for Defendant Jorge Aguilar*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 4th day of September 2006, I caused a true and correct copy of the foregoing Defendant Aguilar's Opposition to Government's Motion to Exclude Public Authority Defense to be delivered to the parties in this matter via Electronic Case Filing.

_____
A. Eduardo Balarezo