UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO. 05-404** |
| | : | |
| v. | : | |
| | : | **FILED** |
| **JORGE AGUILAR GARCIA** | : | |

SEP - 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLEA AGREEMENT

1. The Defendant, Jorge Aguilar Garcia, knowingly and voluntarily agrees with the United States, through the Narcotic and Dangerous Drug Section of the Criminal Division of the United States Department of Justice, to plead guilty to count two of the indictment filed in the above-referenced case. Count two of the indictment charges the Defendant with Conspiracy to Distribute Five Kilograms or More of Cocaine into the United States, knowing and intending that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959, 960, and 963, and Title 18, United States Code, Section 2.

2. The defendant understands that the crime to which the Defendant is pleading guilty carries a statutory minimum term of imprisonment of ten (10) years and a maximum term of life imprisonment, a fine not to exceed $4,000,000 and a period of supervised release of at least five (5) years.

3. The Defendant understands that the Court cannot place the Defendant on probation or suspend the Defendant's sentence and that the Defendant is not eligible for parole.

4. The Defendant agrees to pay the Clerk of the United States District Court a special assessment of one hundred dollars ($100) per count of conviction. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing or as soon thereafter as

possible.

5. The Defendant agrees that the Defendant is accountable for conspiracy to distribute 150 kilograms or more of cocaine.

6. The Defendant understands that the Court will follow the sentencing recommendation of the United States at the time of Defendant's sentencing, only if the Court accepts the Defendant's plea of guilty as outlined in this agreement, in accordance with Federal Rule of Criminal Procedure 11(c)(1)(c).

7. The parties agree that a sentence of 120 months, in accordance with Federal Rule of Criminal Procedure 11(c)(1)c), is the appropriate sentence for the offense to which he is pleading guilty. The court may reject this recommendation, and if it does, the defendant may withdraw his guilty plea or may persist in his guilty plea. If the plea is rejected by the court and the defendant persists in a guilty plea, the sentence could be more than 120 months.

8. Once Defendant enters his plea of guilty, the Defendant cannot withdraw Defendant's guilty plea entered pursuant to this Plea Agreement, unless the court rejects his guilty plea. By entering a guilty plea, the defendant gives up certain important rights, such as the right against self incrimination, the right to call witnesses, and the right to a jury trial.

9. The Defendant agrees to waive and to forfeit any right to appeal any pretrial motions which were raised in this case. Defendant also agrees to waive any right to appeal his sentence. This provision does not apply to Title 28, United States Code, Section 2255.

10. The United States agrees that it will not bring any additional charges against the Defendant arising out of this case which it might otherwise bring, including any charges arising out of (1) the seizure of 997 kilos of cocaine in Guatemala in November 2005 and (2) the seizure of cocaine and cash from the office of Defendant Adan Castillo, also in November 2005.

However, this limitation does not include any charges which could be brought against this Defendant for any other violations of law against the United States or its territories.

11. The Defendant agrees to voluntarily forfeit to the United States all property subject to forfeiture under 21 U.S.C. 853, including any U.S. currency seized from him at the time of his arrest which represented controlled U.S. funds paid by the Drug Enforcement Administration. This provision does not include the defendant's home in Guatemala.

12. The Defendant represents to the Court that he is fully satisfied with the legal services provided by his attorney in connection with this plea agreement and matters related to it.

13.. The Defendant represents to the Court that no threats have been made against the Defendant and that the Defendant is pleading guilty freely and voluntarily because the Defendant is guilty.

14. This Plea Agreement represents the entirety of the terms and conditions of the agreement between Defendant and the United States. No agreements, understandings, promises, representations or conditions exist other than those contained in this Plea Agreement. No other agreements, understandings, promises, representations or conditions or changes to this Plea Agreement may be made or entered into unless in writing and signed by the parties.

15. This Plea Agreement supersedes all prior understandings, promises, agreements or conditions, if any, between the United States Department of Justice and the Defendant.

_____
JORGE AGUILAR-GARCIA
DEFENDANT

_____
EDUARDO BALAREZO
ATTORNEY FOR DEFENDANT

_____
MICHAEL C. MOTA
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE
WASHINGTON, D.C.

_____
PAUL W. LAYMON
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE
WASHINGTON, D.C.

7 Sep 06
DATE